**Victor MONROE, Petitioner–Appellant,**

v.

**Robert KUHLMAN, Superintendent, Sullivan Correctional Facility, Respondent–Appellee.**

**No. 06–3609–pr.**

United States Court of Appeals, Second Circuit.

Sept. 25, 2007.

Larry Sheehan, Bronx, NY, for Appellant.

Thomas M. Ross, Assistant District Attorney (Charles J. Hynes, District Attorney, Leonard Joblove, Victor Barall, Assistant District Attorneys, on the brief), District Attorney's Office for Kings County, New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Victor Monroe appeals from a judgment denying habeas corpus relief under 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, the prolonged and complex procedural history, and the issues on appeal.

We review the District Court's denial of the writ *de novo. Jimenez v. Walker,* 458 F.3d 130, 135 (2d Cir.2006), *cert. denied* — U.S. —, 127 S.Ct. 976, 166 L.Ed.2d 740 (2007). When a claim has been "adjudicated on the merits in State Court," our more deferential standard under AEDPA applies. 28 U.S.C. § 2254(d); *DeBerry v. Portuondo,* 403 F.3d 57, 66–67 (2d Cir.2005), *cert. denied* 546 U.S. 884, 126 S.Ct. 225, 163 L.Ed.2d 189 (2005) On remand from our court, the District Court declined to determine which standard of review applied because it concluded that there was no constitutional violation. Because we agree that the result would be the same whether we employ the *de novo* standard or give AEDPA deference to the New York Appellate Division, we need not reach the issue of what standard of review applies. *See Cotto v. Herbert,* 331 F.3d 217, 230–31, 252–53 (2d Cir.2003).

Petitioner-appellant argues that his constitutional right to judicial supervision of his criminal trial was violated when the judge permitted the jury to examine certain documents admitted into evidence without the court present before the case was submitted for jury deliberations. We note that petitioner's counsel initially did not object to this practice. Once his counsel objected, the trial court discontinued the practice. Petitioner's claim that his right to judicial supervision was violated in this context has no merit.

Accordingly, without necessarily commenting on every aspect of the District Court's Memorandum and Order of July 19, 2006, 2006 WL 2038423, we AFFIRM the judgment of the District Court.