■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY J. VANDENBOSCH, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant was convicted of, inter alia, criminally negligent homicide after the all-terrain vehicle he was driving was involved in an accident, killing defendant's 20-year-old passenger. The accident occurred while defendant was attempting to avoid apprehension by State Police officers, who were pursuing him to arrest him for various Vehicle and Traffic Law violations. We reject defendant's argument that the conviction is not supported by legally sufficient evidence. In our view, the evidence, viewed in the light most favorable to the People (People v Frisbie, 114 AD2d 587, 588), supports the jury's determination that defendant failed to perceive a substantial and unjustifiable risk that death could occur, and that his failure to perceive that risk constituted a gross deviation from the standard of care that a reasonable person in defendant's situation would observe (Penal Law §§ 125.10, 15.05 [4]; see, People v Haney, 30 NY2d 328).

We reverse the conviction and grant a new trial, however, because in our view, the trial court abused its discretion by denying defendant's newly appointed counsel, who was retained only nine days before the scheduled trial date, a short adjournment to allow adequate trial preparation. Whether to grant an adjournment because defendant has obtained substitute counsel rests "largely within the discretion of the Trial Judge" (People v Arroyave, 49 NY2d 264, 271). However, defendant is entitled to an adjournment if he demonstrates that "the requested adjournment has been necessitated by forces beyond his control and is not simply a dilatory tactic" (People v Arroyave, supra, at 272).

Defendant met his burden in this case. In March 1986, defendant retained an attorney to represent him on these charges. The retained attorney engaged the assistance of a second lawyer. In January 1987, defendant's retained attorney was appointed to serve as a part-time acting City Court Judge, but he continued to participate actively in ongoing plea negotiations. In early March 1987, with the trial scheduled to commence on March 23, the Trial Judge in defendant's case expressed concern whether defendant's retained counsel could continue to practice in County Court in light of his judicial appointment. At a proceeding held on March 12, 1987, defendant stated that if his retained attorney were not going to be allowed to represent him, he did not want the assistant to represent him at trial, but preferred to retain a different attorney. Two days later, defendant retained the services of a new attorney, who orally and by written motion requested a continuance to prepare for trial. The trial court summarily denied the motion, thereby placing defendant in the untenable position of having to go to trial represented by the attorney of his choice who had only nine days to prepare his case, or to be represented at trial by an attorney who he had not personally retained and in whom he had little confidence. Under these circumstances, we hold that the trial court abused its discretion by denying defense counsel's motion for a continuance. (Appeal from judgment of Niagara County Court, Hannigan, J.—criminally negligent homicide, and other offenses.) Present —Callahan, J. P., Doerr, Green, Balio and Davis, JJ.