■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON DOUGLAS, Appellant.

After he robbed the Emigrant Savings Bank on East 42nd Street defendant fled to a nearby subway station where he removed his jacket, laid down on some newspaper and pretended to be a vagrant. He was promptly arrested and brought back to the bank for questioning and identification. Without

any prompting from the arresting officer, two witnesses immediately identified the defendant as the assailant.

On appeal defendant urges that this showup was unnecessary and unduly suggestive. This argument is meritless. Showup identifications, while by their nature suggestive and strongly disfavored, are nevertheless permissible if exigent circumstances require immediate identification or if the suspects are captured at or near the crime scene and can be viewed by witnesses immediately. *(People v Riley,* 70 NY2d 523 [1987].) Here, the proximity of the arrest to the bank in terms of time and space made a showup a reasonable means of identification.

Nor is the fact that defendant was handcuffed determinative of the propriety of the procedure. Since the identification occurred spontaneously, this indicates a firm recollection of the suspect by the two witnesses.

The defendant also argues that the out-of-court identification of one of the two witnesses was improperly admitted because no CPL 710.30 notice was given. While the Trial Assistant originally conceded that such notice had not been given, a subsequent search of the record found that the voluntary disclosure form had noted that there were two identifying witnesses. In any event, the Trial Assistant agreed not to introduce the out-of-court identification and did not. No further objection was raised. As such the question has not been preserved for review by this court as a matter of law (CPL 470.05) and we decline to reach it in the interest of justice. Were we to reach this issue, defendant's argument would not be found to be persuasive. Even assuming for the sake of argument that no notice was given, the error would have to be deemed harmless due to the fact that the second witness's identification testimony was free of defect. *(People v Crimmins,* 36 NY2d 230 [1975].)

We have reviewed the remainder of defendant's contentions, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro and Kassal, JJ.