(March 14, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINIC A. ROSICA, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered November 15, 1989, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (five counts) and criminal possession of a controlled substance in the third degree (three counts).

After trial, defendant was convicted of selling and possessing a controlled substance on three separate occasions, September 8, 9 and 22, 1988. Three additional counts of criminal sale of a controlled substance in the third degree, stemming from another incident on September 22, 1988, were dismissed at the close of proof for lack of corroboration (CPL 60.22).

Undercover State Police Investigator George Goodall, working in concert with an informant, covertly arranged with John Tuffarella to have the latter purchase one eighth of an ounce of cocaine from defendant on September 8, 1988. Goodall and

the informant drove Tuffarella to the apartment complex in which defendant resided. Tuffarella then left the vehicle, disappeared behind the building, and later returned with the cocaine. The following evening undercover Police Investigator Frederick Cabbell and the informant repeated a similar scenario. This time the vehicle was parked closer to defendant's apartment, providing the occupants with a full but distant view of the front door which was open except for a screen door. Tuffarella entered from a rear door. In the third transaction, defendant allegedly supplied cocaine to some individuals in a rented motel room on September 22, 1988.

During the trial but before closing arguments, defendant was hospitalized and medicated. A hearing was held, outside the jury's presence, at which defendant's own doctor testified that defendant did not appear disoriented or confused as a result of being medicated. To accommodate defendant, however, County Court then ordered the trial, which at that point consisted only of counsels' summations and the court's charge, to continue at the hospital. Several weeks later, as the summations were about to commence, defendant's counsel notified the court that a short time earlier hospital personnel had given defendant an increased dosage of pain-relieving medication, Percocet, and hence a hearing to determine defendant's competency to proceed should be conducted. No such hearing was held.

At the close of evidence, County Court dismissed three of the counts because competent corroborating evidence was lacking. The jury thereafter convicted defendant on the remaining counts. On appeal, defendant challenges a number of County Court's rulings. As we find no merit in any of these challenges, we affirm.

Initially, defendant contends that the in-court identification testimony was improperly introduced over his objection. In pretrial proceedings, in response to a request by defendant for information respecting identification witnesses, the People advised that there was no such prior identification information to be revealed. At trial, however, the People conceded that Cabbell had indeed identified defendant at a restaurant some five days after the September 9, 1988 transaction and that notice of this circumstance should have been provided to defendant pursuant to CPL 710.30. Even assuming that Cabbell's restaurant identification of defendant was not confirmatory *(see, e.g., People v Wharton,* 74 NY2d 921, 923), the People's failure to provide notice was a harmless infraction for County Court struck the testimony and immediately gave

curative instructions, the particular drug transaction undeniably occurred in defendant's apartment and two other witnesses, one of whom had known defendant for three years and whose identification testimony defendant never questioned, unequivocally identified defendant *(see, People v Douglas,* 158 AD2d 256, 257, *lv denied* 76 NY2d 734; *cf., People v Taylor,* 155 AD2d 630, *lv denied* 76 NY2d 743).

Defendant also suggests that County Court's refusal to adjourn the case after his original attorney was disqualified prejudiced his defense. It is our view, however, that County Court permissibly denied defendant's eve-of-trial adjournment application. It is axiomatic that the decision to grant or deny a continuance rests largely within the trial court's discretion *(People v Arroyave,* 49 NY2d 264, 271). Absent abuse of that discretion, the determination should not be disturbed. Here, defense counsel, who was hired on July 21, 1989, waited until September 18, 1989—just two days before trial was to begin— to make the adjournment request. Unquestionably, he would have moved more promptly had defendant's earlier counsel more expeditiously released the case file. Be that as it may, given that new counsel had two months to familiarize himself with the case (during which no attempt to compel production was apparently ever made) and 12 days to review the file once it was delivered, defendant did not make out a compelling case for a continuance *(supra; cf., People v VanDenBosch,* 142 AD2d 988, 989).

Nor was County Court's refusal to dismiss, for lack of corroborative evidence, the three counts of criminal sale until the close of the proof tantamount to the impermissible introduction of evidence of *uncharged* drug transactions *(see, People v Alvino,* 71 NY2d 233, 246; *People v Molineux,* 168 NY 264, 291). We are unpersuaded that the *Molineux* prohibition should be extended to include crimes *charged* in an indictment where, as here, there is no indication that the prosecution acted in bad faith or with a view to unfairly prejudicing defendant by bringing these three counts to trial, and when County Court reviewed the Grand Jury minutes and found the evidence sufficient.

Defendant's remaining contentions are equally unconvincing. The immunity defense proffered was based on defendant's belief that, in return for providing information to the police regarding drug traffic in Tompkins County, he would not be prosecuted for continuing to remain active in the drug community. However, the only evidence of any promised immunity clearly limited that protection to nonviolent crimes com-

mitted "to date, June 24, 1987"; the crimes for which defendant was convicted were committed well after that date. And County Court's rulings affecting the immunity defense issue, which generally precluded evidence thereof, were not, as we read the record, either inconsistent or vascillating.

Lastly, in the absence of any evidence that defendant's ability to communicate with counsel or to understand the proceedings had been impaired since the hearing held earlier, when defendant was admitted to the hospital, counsel's concern that impairment may have occurred during defendant's hospital stay is insufficient to create doubt as to defendant's competency to stand trial (cf., People v Rios, 126 AD2d 860, 862). County Court cannot be said to have abused its discretion in refusing to order another hearing (see, People v Bisnett, 144 AD2d 567, 569, lv denied 73 NY2d 889; People v Jackson, 88 AD2d 604, 605-606).

Defendant's other arguments, including the assertion that his sentence is harsh and excessive, lack sufficient merit to warrant comment.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.