■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WUO QUEEGLAY, Appellant. [656 NYS2d 1015] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and criminal possession of a controlled substance in the third and seventh degrees (Penal Law §§ 220.16, 220.03). We reject the contention that Supreme Court abused its discretion in denying defendant's motion for an adjournment of the trial. "The decision whether to grant an adjournment is ordinarily committed to the sound discretion of the trial court" (*People v Spears*, 64 NY2d 698, 699). Defendant's trial counsel was advised on August 18, 1995 that the trial would commence on December 4, 1995. Defense counsel had ample time to prepare for trial and did not specify how defendant would be prejudiced if the trial were not adjourned (*see, People v Houk*, 222 AD2d 1074, 1975; *People v Brown*, 159 AD2d 1011, *lv denied* 76 NY2d 731).

Defendant was not denied effective assistance of counsel by the court's refusal to grant an adjournment or because of claimed deficiencies in counsel's representation at trial. The record establishes that trial counsel's representation was meaningful (*see, People v Satterfield*, 66 NY2d 796, 799-800; *People v Baldi*, 54 NY2d 137, 147).

The court did not abuse its discretion in restricting defendant's cross-examination of two police officers concerning their familiarity with defendant prior to his sale of drugs to an undercover officer. Defendant sought to establish that he would not have sold drugs to someone he knew to be an officer. One officer, however, was not present during the transaction, and the other denied having seen defendant prior to the transaction. The court properly exercised its discretion in curtailing further cross-examination with respect to credibility (*see, People v Frazier*, 233 AD2d 896).

Defendant contends that, in sentencing him, the court directed that the sentence run consecutive to a prior sentence that he was serving based upon the court's erroneous understanding that defendant was a second felony offender and, thus, that a consecutive sentence was required (*see*, Penal Law § 70.25 [1], [2-a]). We reject that contention. The record

establishes that the court realized at sentencing that defendant was not a second felony offender but determined that defendant was not entitled to any mitigation. Thus, in the exercise of its discretion, the court directed that sentence to run consecutive to the prior sentence. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.