THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LAVALLA, Appellant. [708 NYS2d 212] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied effective assistance of counsel because defense counsel failed to move to suppress defendant's incriminating statement to the police based on defendant's warrantless arrest and because defense counsel indicated to Supreme Court that he was not prepared for trial. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to pursue 'colorable' claims" (*People v Garcia*, 75 NY2d 973, 974). Defendant has not demonstrated that he has a colorable claim based on his warrantless arrest. A police investigator testified at defendant's *Huntley* hearing that defendant was under police surveillance at the time defendant burglarized a home. After defendant drove away from the scene of the burglary, the police confirmed that a crime had been committed, stopped the vehicle driven by defendant, and arrested him. Because the police had reasonable cause to believe that defendant had committed the burglary, the warrantless arrest was proper (*see,* CPL 140.10 [1] [b]; *People v Greene*, 153 AD2d 439, 443, *lv denied* 76 NY2d 735, *cert denied* 498 US 947; *People v Hill*, 146 AD2d 823, 824-825, *lv denied* 73 NY2d

1016). Thus, the failure of defense counsel to challenge the arrest did not render his representation ineffective (*see, People v Garcia, supra,* at 974). The statement of defense counsel to the court that he was not prepared for trial, "without more, does not establish ineffectiveness" (*People v Dalton,* 140 AD2d 993, 994, *lv denied* 72 NY2d 917). The evidence, the law, and the circumstances of this case establish that defense counsel provided meaningful representation, including filing and arguing appropriate pretrial motions, conducting skillful examinations of witnesses at the *Huntley* hearing, and securing defendant a favorable plea offer (*see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Dillard,* 262 AD2d 1044, *lv denied* 93 NY2d 1017).

We further conclude that the court did not abuse its discretion in denying defendant's request for an adjournment on the first day of trial based on defense counsel's lack of preparation (*cf., People v Spears,* 64. NY2d 698). Defense counsel stated that he had attempted to prepare for trial by meeting with defendant during the previous weekend, but that defendant was uncooperative. In addition, defendant did not specify how he would be prejudiced if the trial were not adjourned (*see, People v Queeglay,* 237 AD2d 896, *lv denied* 90 NY2d 866). We therefore conclude that the court did not abuse its discretion in denying defendant's request for an adjournment (*see, People v Conyers,* 227 AD2d 793, 794; *lv denied* 88 NY2d 982).

Finally, we have reviewed the remaining contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Ontario County, Lamont, J.—Burglary, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.