■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK POVIO, Appellant. [725 NYS2d 784] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of sodomy in the first degree (Penal Law former § 130.50 [3]), sodomy in the second degree (Penal Law former § 130.45), and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). The charges arose out of two incidents in which defendant engaged in deviate sexual intercourse with his stepson, who was eight years old when the first incident occurred and 11 years old when the second incident occurred. Defendant retained a new attorney one week before the scheduled trial date, and County Court denied the request of that attorney, made three days before trial was to commence, for a brief continuance in order to prepare for trial. Under the circumstances of this case, we conclude that the court did not abuse its discretion in denying the request for a continuance made on the eve of trial (*see, People v Michalek,* 195 AD2d 1007, 1008, *lv denied* 82 NY2d 807; *People v Rosica,* 171 AD2d 931, 933, *lv denied* 77 NY2d 1000; *People v Gabler,* 129 AD2d 733). Defendant failed to meet his burden of demonstrating that "the requested adjournment [had] been necessitated by forces beyond his control and [was] not simply a dilatory tactic" (*People v Arroyave,* 49 NY2d 264, 272). In addition, defendant did not specify how he would be prejudiced if the trial were not adjourned (*see, People v LaValla,* 272 AD2d 960, 961, *lv denied* 95 NY2d 854; *People v Queeglay,* 237 AD2d 896, *lv denied* 90 NY2d 866). We have reviewed the contentions of defendant in his *pro se* supplemental brief and conclude that they have no

merit. (Appeal from Judgment of Monroe County Court, Bristol, J.—Sodomy, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.