■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HOOD, Appellant. [732 NYS2d 522] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, *inter alia,* criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We reject defendant's contention that County Court erred in failing to instruct the jury on the agency defense. The evidence establishes that defendant flagged down three undercover police officers driving by in a pickup truck. When defendant asked what they were looking for, one officer replied, "rock." Defendant then entered the vehicle and directed the police to drive

to another location. Defendant attempted to purchase cocaine with marked bills provided by the police and, when that proved unsuccessful, defendant directed the police to return to the original location. Defendant then approached a man standing nearby, and the police observed the man hand something to defendant. When defendant returned to the vehicle, he gave one of the officers two baggies containing a white substance and took the two marked $10 bills as the purchase price for the cocaine. Defendant also accepted $5, which was recovered from him when he was arrested shortly after the transaction.

The court properly determined that no reasonable view of the evidence supported the inference that defendant was acting as an agent of the buyer and thus properly refused to instruct the jury on the agency defense (*see, People v Ortiz,* 76 NY2d 446, 448, *remittitur amended* 77 NY2d 821). "The entitlement to an agency charge depends entirely on the relationship between the buyer and the defendant. Unless some reasonable view of the evidence supports the theory that defendant was acting only on behalf of the buyer, the jury need not be instructed on the agency defense" (*People v Herring,* 83 NY2d 780, 782). The evidence establishes that defendant did not act only on behalf of the buyers, but acted as a "steerer": he flagged down the police; asked what they were looking for; directed them to more than one location in order to purchase cocaine; purchased cocaine; and accepted $5 from the police (*see, People v Page,* 260 AD2d 153, 155-156, *lv denied* 93 NY2d 928; *see also, People v Argibay,* 45 NY2d 45, 53-54, *rearg denied* 45 NY2d 839).

Defendant failed to preserve for our review his contention that the court erred in permitting the People to introduce *Molineux* evidence in their case-in-chief (*see,* CPL 470.05 [2]). In any event, that contention is without merit. "[I]t is well established that a defendant opens the door to *Molineux* evidence by putting forth [an agency] defense" (*People v Ortiz,* 259 AD2d 979, 980, *lv denied* 93 NY2d 1024). Defendant also failed to preserve for our review his contention that the court erred in failing to instruct the jury that evidence of flight is inherently weak, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

As a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence imposed on the count of criminal sale of a controlled substance in the third degree to an indeterminate term of incarceration of 6 to 12 years. (Appeal from Judgment of

Monroe County Court, Bristol, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Hayes, Scudder, Kehoe and Burns, JJ.