■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WIGGINS, Also Known as JOHN DOE, Appellant. [784 NYS2d 761]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 15, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of assault in the first degree (Penal Law § 120.10 [1], [3]). Defendant contends that County Court erred in permitting the victim to testify that he had purchased marihuana from defendant on two occasions and therefore recognized him as one of his assailants. Defendant failed to object when the prosecutor sought to introduce that testimony and thus failed to preserve his contention for our review (*see* CPL 470.02 [2]; *People v Taylor*, 2 AD3d 1306, 1308 [2003], *lv denied* 2 NY3d 746 [2004]; *People v Hood*, 288 AD2d 923 [2001], *lv denied* 97 NY2d 705 [2002]). In any event, that contention lacks merit. Although the victim also testified that he had seen defendant "around," the testimony of the victim that he had purchased marihuana from defendant was relevant in establishing the identity of defendant, and we conclude that the court did not err in determining that the probative value of the testimony outweighed the potential for prejudice to defendant (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]).

Defendant failed to preserve for our review his further contention that the court erred in admitting the hearsay testimony of the victim that he heard a rumor that defendant had a "beef" with him (*see* CPL 470.05 [2]; *see generally People v Pierre,* 300 AD2d 1070 [2002], *lv denied* 99 NY2d 631 [2003]). In any event, we note that the testimony was elicited during defendant's cross-examination of the victim. Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.