THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. COMFORT, Appellant. (Appeal No. 1.) [875 NYS2d 672]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered September 23, 2003. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the third degree, attempted sodomy in the first degree, attempted sodomy in the third degree, assault in the second degree, sexual abuse in the third degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously modified on the facts by reversing those parts convicting defendant of sexual abuse in the third degree under counts 6 and 9 of the indictment and dismissing those counts of the indictment and as modified the judgment is affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of various crimes, including rape in the first degree (Penal Law § 130.35 [1]) and attempted sodomy in the first degree (§ 110.00, former § 130.50 [1]). The conviction stems from allegations that defendant forcibly raped a 16-year-old girl and attempted to sodomize her, and sexually abused the girl and another young girl who was her friend. In appeal No. 2, defendant appeals with permission of a Justice of this Court from an order denying his CPL 440.10 motion to vacate the judgment of conviction in appeal No. 1.

Contrary to the contention of defendant in appeal No. 1, he was not denied due process or his right to a fair trial based on County Court's denial of his repeated requests for an adjournment of the trial. The court granted defendant's "demand[ ]" for a new attorney approximately two weeks before trial was scheduled to commence, and defense counsel accepted the assignment with knowledge of the time constraints. We thus conclude that the court did not abuse its discretion in refusing to grant the requested adjournments (*see People v Arroyave*, 49 NY2d 264, 272 [1980]; *People v Povio*, 284 AD2d 1011 [2001], *lv denied* 96 NY2d 923 [2001]).

Defendant further contends in both appeals that he was denied due process and his right to a fair trial by alleged *Brady* and *Rosario* violations. We note at the outset that defendant's contentions in appeal No. 2 with respect to the alleged *Brady* and *Rosario* violations are not properly before us because they

could have been raised, and indeed have been raised, on defendant's direct appeal (*see* CPL 440.10 [2] [b]). Even assuming, arguendo, that the prosecutor delayed in providing defendant with *Brady* material, we conclude that reversal is not warranted inasmuch as defendant received the material " 'in time for its effective use at trial' " (*People v Reese*, 23 AD3d 1034, 1036 [2005], *lv denied* 6 NY3d 779 [2006] [emphasis omitted]; *see People v Cortijo*, 70 NY2d 868, 870 [1987]). Although the prosecutor committed a *Rosario* violation by failing to disclose a police officer's handwritten notes until after the direct examination of the People's second witness, that violation does not warrant reversal under the circumstances of this case. Defendant had the official report of the police officer, and defendant failed to establish that he was "substantially prejudiced by the delay" in the disclosure of the handwritten notes (*People v Watkins*, 17 AD3d 1083, 1084 [2005], *lv denied* 5 NY3d 771 [2005]).

Defendant concedes that he failed to preserve for our review his contention in appeal No. 1 that he was denied due process and the right to a fair trial "by the application of" CPL 270.20 (2) (*see generally People v Baumann & Sons Buses, Inc.*, 6 NY3d 404, 408 [2006], *rearg denied* 7 NY3d 742 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Even assuming, arguendo, that defendant preserved for our review his further contention in appeal No. 1 that he was denied the right to present a defense, we conclude that his contention lacks merit. "Trial courts have broad discretion and wide latitude to limit cross-examination on collateral matters designed to impeach the victim's credibility" (*People v Love*, 307 AD2d 528, 532 [2003], *lv denied* 100 NY2d 643 [2003]; *see generally People v Corby*, 6 NY3d 231, 234-235 [2005]), and "[t]he record does not support the contention of defendant that the court violated his fundamental right to present a defense by refusing to allow him to call . . . witness[es] in his own behalf" (*People v Bradley*, 17 AD3d 1050, 1052 [2005], *lv denied* 5 NY3d 786 [2005]).

Defendant further contends in appeal No. 1 that he was denied due process and his right to a fair trial by numerous instances of prosecutorial misconduct. Defendant failed to object to most of the challenged comments or acts and thus has failed to preserve for our review his contention with respect to those challenged comments or acts (*see* CPL 470.05 [2]). In any event, we conclude that the prosecutor's alleged misconduct was not so egregious as to have denied defendant due process or the right to a fair trial (*see generally People v Mott*, 94 AD2d 415, 418-421 [1983]).

Defendant contends in both appeals that the court erred in admitting *Molineux* evidence. That contention with respect to appeal No. 2, as well as his remaining contentions in appeal No. 2, are not properly before us (*see* CPL 440.10 [2] [b]). With respect to appeal No. 1, we conclude that defendant's *Molineux* contention is not preserved for our review (*see People v Ward*, 10 AD3d 805, 806 [2004], *lv denied* 4 NY3d 768 [2005]; *People v Hood*, 288 AD2d 923, 924 [2001], *lv denied* 97 NY2d 705 [2001]). In any event, we conclude that the evidence was properly admitted because it tended to establish defendant's identity as the man who raped the victim (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]), and the probative value of the evidence was not outweighed by its prejudicial effect (*see People v Hudy*, 73 NY2d 40, 55 [1988]; *Alvino*, 71 NY2d at 242).

Contrary to the further contention of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence, with the exception of counts 6 and 9 (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We therefore modify the judgment in appeal No. 1 accordingly. Defense counsel stated that he "d[id] not have any objection" to the introduction of a videotape depicting 40 seconds of the gynecological examination of the victim, and defendant thus failed to preserve for our review his contention that the videotape was improperly admitted in evidence (*see People v Russell*, 71 NY2d 1016, 1017 [1988], *rearg dismissed* 79 NY2d 975 [1992]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Martoche, J.P., Fahey, Green and Pine, JJ.