■ In the Matter of MECCA CLINKSCALES, Petitioner, v RAYMOND W. KELLY et al., Respondents. [945 NYS2d 683]—

Determination of respondent Police Commissioner, dated September 10, 2010, dismissing petitioner from the Police Department, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Judith J. Gische, J.], entered May 24, 2011), dismissed, without costs.

Respondent's determination is supported by substantial evi-

dence that petitioner stole a $500 money order from a fellow police officer and deposited it into her personal bank account (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). There is no basis for disturbing the Assistant Deputy Commissioner for Trials' (ADC) credibility determinations (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]).

The ADC properly denied petitioner's request for an adjournment of the hearing pending the disposition of the complaining officers' related disciplinary charges. Petitioner's counsel agreed to the scheduled hearing date, knowing that the minutes, but not the decision, in the related matter were available. Moreover, the decision in the related matter was not probative of any issue in this proceeding. Petitioner was not deprived of due process, as she had a copy of the complaining officers' testimony in the related hearing (*see People v Comfort*, 60 AD3d 1298, 1299 [2009], *lv denied* 12 NY3d 924 [2009]).

The penalty imposed does not shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). Concur—Mazzarelli J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.