[982 NE2d 1245, 959 NYS2d 112]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SPENCER, Appellant.

Argued November 14, 2012; decided December 13, 2012

**APPEARANCES OF COUNSEL**

*Law Offices of Randall D. Unger*, Bayside (*Randall D. Unger* of counsel), for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*Sharon Y. Brodt* and *John M. Castellano* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

A Queens County grand jury charged defendant with one count of criminal possession of a weapon in the second degree and other related charges. At defendant's jury trial, the People adduced evidence that on the evening of August 16, 2006, defendant engaged in a street level altercation with a third party. Shortly thereafter, complainant, an off-duty police officer, arrived at the scene. Complainant and a number of other eyewitnesses testified that defendant punched complainant and brandished a firearm. Complainant ordered defendant to surrender his firearm, which was loaded. In addition to the eyewitness testimony, Supreme Court permitted the People to introduce into evidence the recordings of two 911 calls contemporaneously placed at the time of the incident.

Defendant interposed a defense, claiming that complainant had falsely implicated him and that it was the third party who

possessed the firearm. Defendant sought to establish that complainant had a motive to frame defendant because complainant and the third party were close friends. Specifically, defendant wished to testify that, based on firsthand knowledge, complainant permitted the third party to deal drugs in front of his home and that complainant and the third party drag raced cars together. Supreme Court precluded this evidence on the ground that the proposed testimony was "collateral."

The jury convicted defendant of second-degree criminal possession of a weapon and Supreme Court imposed a 15-year determinate sentence of imprisonment followed by five years of postrelease supervision. On appeal, the Appellate Division agreed with defendant that the proof he wished to elicit "should not have been excluded on the basis that it was collateral, as such exclusion goes directly to the defendant's constitutional right to present a defense" (*People v Spencer*, 87 AD3d 751, 752 [2d Dept 2011]). However, the Court affirmed the judgment of conviction and sentence, concluding that any error was "harmless beyond a reasonable doubt" (*id.*). The Court further rejected defendant's claim that "the trial court [evinced] impermissible prejudice or bias," noting that many of defendant's contentions were "partly based on matters outside the record" (*id.* at 753).

A defendant always has the constitutional right "to present a complete defense" (*Crane v Kentucky*, 476 US 683, 690 [1986], quoting *California v Trombetta*, 467 US 479, 485 [1984]). Nonetheless, "[i]t is well established that the trial courts have broad discretion to keep the proceedings within manageable limits and to curtail exploration of collateral matters" (*People v Hudy*, 73 NY2d 40, 56 [1988]). However, provided that counsel has a good faith basis for eliciting the evidence (*see id.* at 57), "extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground" (*id.* at 56).

Applying this well defined standard, Supreme Court improperly precluded evidence pertaining to complainant's friendship with the third party on the ground that it was collateral. Defendant's alleged personal observations of complainant and the third party described by counsel to the court supplied a good faith basis for defendant's proposed trial testimony. Moreover, the excluded evidence, if credited by the jury, tended to establish complainant's motive to protect the third party by inculpating defendant. Nevertheless, given the overwhelming independent proof adduced at trial, including the testimony of several

other eyewitnesses who corroborated complainant's version of the events and the 911 calls admitted into evidence, we agree with the Appellate Division that the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]). We also conclude that, to the extent reviewable, Supreme Court did not display impermissible bias toward defense counsel.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, in a memorandum.