*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    106629
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

MIGUEL ALCAREZ,
                        Appellant.
_____

Calendar Date:  April 27, 2016

Before:  Peters, P.J., Lahtinen, Garry, Clark and Mulvey, JJ.

_____

        Robert W. Linville, Public Defender, Hudson (Michael C.
Howard of counsel), for appellant.

        Paul Czajka, District Attorney, Hudson (Trevor O. Flike of
counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Columbia
County (Koweek, J.), rendered January 15, 2014, upon a verdict
convicting defendant of the crimes of burglary in the first
degree and robbery in the first degree.

        In August 2012, police were summoned to a robbery in
progress at the residence of Desiree Graziano.  Defendant and
four others, wearing bandanas across their faces and purportedly
wielding a knife and a chisel, entered the residence – where
Graziano and three others were present – demanding to know the
location of the drugs and money secreted therein.  When police
arrived, the perpetrators fled in a vehicle, which left the road
and ended up in a pond.  Defendant was arrested by police as he

emerged wet from the pond.  He was charged with — and ultimately convicted by a jury of — burglary in the first degree and robbery in the first degree.  He was sentenced to concurrent prison terms of 12 years, together with postrelease supervision, and now appeals.

Defendant argues that County Court unduly restricted his right to cross-examine witnesses regarding drug-related activities by Graziano.  A criminal defendant is entitled to conduct "appropriate cross-examination designed to show a prototypical form of bias on the part of the witness" (Delaware v Van Arsdall, 475 US 673, 680 [1986]; see People v Hudy, 73 NY2d 40, 56-57 [1988]; People v Alnutt, 101 AD3d 1461, 1465 [2012], lv denied 21 NY3d 941 [2013], cert denied 571 US ___, 134 S Ct 1035 [2014]).  Since, at the time of trial, Graziano still faced potential drug charges flowing from evidence found by police at the crime scene, she had a motive to attempt to tailor her testimony in a manner to curry favor with the prosecution (see Alford v United States, 282 US 687, 693 [1931]; People v McLeod, 122 AD3d 16, 19-20 [2014]).  However, "the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish" (Delaware v Fensterer, 474 US 15, 20 [1985]; accord People v Smith, ___ NY3d ___, ___, 2016 NY Slip Op 05061, *2 [2016]; see People v Wilson, 100 AD3d 1045, 1047 [2012], lv denied 22 NY3d 998 [2013]).  The trial court retains discretion "to restrict cross-examination 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant'" (Corby v Artus, 699 F3d 159, 166 [2d Cir 2012], cert denied ___ US ___, 133 S Ct 1287 [2013], quoting Delaware v Van Arsdall, 475 US at 679; see People v McLeod, 122 AD3d at 19; People v DeFreitas, 116 AD3d 1078, 1081-1082 [2014], lv denied 24 NY3d 960 [2014]; People v Mestres, 41 AD3d 618, 618 [2007], lv denied 9 NY3d 924 [2007]).

During the cross-examination of one police officer, defense counsel elicited from the officer that there had been prior complaints of drug-related activity at the subject residence and that those earlier incidents involved Graziano.  Several witnesses testified that the perpetrators were seeking drugs when

they entered the premises.  County Court, among other things, permitted defense counsel to question Graziano about her drug use on the subject night, and she admitted using cocaine as well as possessing a digital scale.  Such proof adequately established Graziano's involvement in bad acts and her exposure to potential criminal charges for defendant to urge the jury that she was biased or tailoring her testimony to obtain leniency from potential prosecution and to otherwise attack her credibility, including the veracity of her testimony that the perpetrators were armed with a chisel and a knife.

Although the restrictive parameters placed on such proof by County Court creates a close issue, allowing a free-wheeling general inquiry into all of Graziano's alleged drug activities would have produced confusion regarding the issues pertinent to the trial, resulting in a mini-trial on Graziano's unrelated and marginally relevant personal drug problems.  Defendant's efforts to pursue this broad line of proof about Graziano's history with drugs, particularly with extrinsic evidence, was sliding rapidly toward a trial on a collateral matter where the trial court has wide discretion regarding the extent permitted of such proof (see e.g. People v Powell, ___ NY3d ___, ___, 2016 NY Slip Op 02555, *5 [2016]; People v Allen, 24 NY3d 441, 450 [2014]).  In any event, Graziano was one of several witnesses whose testimony established the elements of the crimes and, in light of the overwhelming proof of defendant's involvement and guilt, we would find any error by County Court harmless beyond a reasonable doubt (see People v Spencer, 20 NY3d 954, 956-957 [2012]; People v Hughes, 111 AD3d 1170, 1174 [2013], lv denied 23 NY3d 1038 [2014]).

Peters, P.J., Lahtinen and Garry, JJ., concur.


Clark, J. (concurring).

I respectfully disagree with the majority's conclusion that County Court properly restricted the scope of defendant's cross-examination of certain witnesses, but agree that, in this case, the error was harmless.

While the trial court has broad discretion to limit cross-examination into collateral matters aimed at impeaching the credibility of a witness (see People v Wilson, 100 AD3d 1045, 1047 [2012], lv denied 22 NY3d 998 [2013]; People v Comfort, 60 AD3d 1298, 1300 [2009], lv denied 12 NY3d 924 [2009]; People v Love, 307 AD2d 528, 531 [2003], lv denied 100 NY2d 643 [2003]), "'extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground'" (People v Alnutt, 101 AD3d 1461, 1465 [2012], lv denied 21 NY3d 941 [2013], cert denied 571 US ___, 134 S Ct 1035 [2014], quoting People v Hudy, 73 NY2d 40, 56 [1988], abrogated on other grounds by Carmell v Texas, 529 US 513 [2000]; accord People v Spencer, 20 NY3d 954, 956 [2012]). Evidence of a motive to fabricate may be excluded if it is too remote or speculative or lacks a good-faith basis (see People v Brown, 128 AD3d 1183, 1187 [2015], lv denied 27 NY3d 993 [2016]; People v DeFreitas, 116 AD3d 1078, 1082 [2014], lv denied 24 NY3d 960 [2014]; People v Poole, 55 AD3d 1349, 1350 [2008], lv denied 11 NY3d 929 [2009]).

In my view, the drugs and drug paraphernalia found at the residence and photographed and confiscated by the police provided Desiree Graziano with a motive to tailor portions of her testimony to curry favor with the prosecution in an attempt to avoid criminal prosecution on drug charges, and defendant should have been permitted to fully develop that motive at trial. To defendant's detriment, County Court permitted the jury to hear evidence that the intruders demanded money and drugs when they entered the residence, but precluded defendant from presenting a full picture of the crime scene to establish Graziano's motive to fabricate. Although County Court permitted defense counsel to inquire as to whether Graziano had been charged with any crimes flowing from the night in question or whether she had been offered a plea deal or received any promises in exchange for her testimony, the court curtailed further cross-examination on these subjects and the particulars of the drugs and drug paraphernalia found in the residence. By so limiting cross-examination, County Court hampered defendant's ability to effectively convey to the jury the precise nature of the charges to which Graziano was exposed and the significance of her not being charged with those crimes.

The theory that Graziano fabricated portions of her testimony to avoid prosecution on drug charges was not too remote or speculative and, given that physical evidence of drug dealing was plainly discovered in Graziano's residence, it did not lack a good-faith basis (see People v Hudy, 73 NY2d at 57; People v Ocampo, 28 AD3d 684, 686 [2006]).  Graziano's testimony at trial helped to establish that defendant or his accomplices "[u]se[d] or threaten[ed] the immediate use of a dangerous instrument" during the course of the crimes (Penal Law §§ 140.30 [3]; 160.15 [3]).  In particular, Graziano testified that she and her son were threatened with a chisel and with a white-handled paring knife.  Graziano did not mention the chisel or the paring knife in her statement to the police immediately following the crimes or during her follow-up interview with the police three weeks later.  Considering the abundance of evidence against him, defendant sought to challenge the evidence of a dangerous weapon in the hopes that the jury would convict him of lesser included crimes, rather than burglary in the first degree and robbery in the first degree.  By limiting the scope of defendant's cross-examination, County Court impaired his ability to develop Graziano's motive to fabricate the evidence relating to the dangerous weapons and, thus, improperly restricted his cross-examination of adverse witnesses (see People v Spencer, 20 NY3d at 956; People v Ocampo, 28 AD3d at 686; People v Ashner, 190 AD2d 238, 248 [1993]).

The majority asserts that allowing defendant to pursue his desired line of cross-examination would have resulted in "a free-wheeling general inquiry" into "Graziano's unrelated and marginally relevant personal drug problems" and "a trial on a collateral matter."  However, I am not suggesting that County Court should have permitted defendant free rein to inquire into all of Graziano's alleged drug activities or her personal history with drugs.  Rather, County Court should have allowed defendant to engage in a measured cross-examination regarding the particulars of the drugs and drug paraphernalia, including the drugs on the digital scale, found at the crime scene and to introduce the photographs taken of these items so as to provide the jury with a complete understanding of Graziano's motive to fabricate — a matter that is never collateral.

Notwithstanding my conclusion that County Court's restriction of defendant's cross-examination was too severe, such error was, in this particular case, harmless beyond a reasonable doubt (see People v Spencer, 20 NY3d at 956-957). Excluding Graziano's testimony relating to the dangerous weapons, the testimony offered by other witnesses and the recovery of a chisel and a paring knife at the scene by law enforcement officers provided overwhelming proof establishing defendant's participation in the home invasion and the use of a weapon or dangerous instrument during the commission of the crimes. Accordingly, I join in the majority's determination to affirm the judgment of conviction.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court