Clark, J.
(concurring). I respectfully disagree with the majority’s conclusion that County Court properly restricted the scope of defendant’s cross-examination of certain witnesses, but agree that, in this case, the error was harmless.
While the trial court has broad discretion to limit cross-examination into collateral matters aimed at impeaching the credibility of a witness (see People v Wilson, 100 AD3d 1045, 1047 [2012], lv denied 22 NY3d 998 [2013]; People v Comfort, 60 AD3d 1298, 1300 [2009], lv denied 12 NY3d 924 [2009]; People v Love, 307 AD2d 528, 531 [2003], lv denied 100 NY2d 643 [2003]), “ ‘extrinsic proof tending to establish a reason to fabricate is never collateral and may not be excluded on that ground’ ” (People v Alnutt, 101 AD3d 1461, 1465 [2012], lv denied 21 NY3d 941 [2013], cert denied 571 US —, 134 S Ct 1035 [2014], quoting People v Hudy, 73 NY2d 40, 56 [1988], abrogated on other grounds by Carmell v Texas, 529 US 513 [2000]; accord People v Spencer, 20 NY3d 954, 956 [2012]). Evidence of a motive to fabricate may be excluded if it is too remote or speculative or lacks a good-faith basis (see People v Brown, 128 AD3d 1183, 1187 [2015], lv denied 27 NY3d 993 [2016]; People v DeFreitas, 116 AD3d 1078, 1082 [2014], lv denied 24 NY3d 960 [2014]; People v Poole, 55 AD3d 1349, 1350 [2008], lv denied 11 NY3d 929 [2009]).
*946 In my view, the drugs and drug paraphernalia found at the residence and photographed and confiscated by the police provided Desiree Graziano with a motive to tailor portions of her testimony to curry favor with the prosecution in an attempt to avoid criminal prosecution on drug charges, and defendant should have been permitted to fully develop that motive at trial. To defendant’s detriment, County Court permitted the jury to hear evidence that the intruders demanded money and drugs when they entered the residence, but precluded defendant from presenting a full picture of the crime scene to establish Graziano’s motive to fabricate. Although County Court permitted defense counsel to inquire as to whether Graziano had been charged with any crimes flowing from the night in question or whether she had been offered a plea deal or received any promises in exchange for her testimony, the court curtailed further cross-examination on these subjects and the particulars of the drugs and drug paraphernalia found in the residence. By so limiting cross-examination, County Court hampered defendant’s ability to effectively convey to the jury the precise nature of the charges to which Graziano was exposed and the significance of her not being charged with those crimes.
The theory that Graziano fabricated portions of her testimony to avoid prosecution on drug charges was not too remote or speculative and, given that physical evidence of drug dealing was plainly discovered in Graziano’s residence, it did not lack a good faith basis (see People v Hudy, 73 NY2d at 57; People v Ocampo, 28 AD3d 684, 686 [2006]). Graziano’s testimony at trial helped to establish that defendant or his accomplices “[u]se[d] or threaten[ed] the immediate use of a dangerous instrument” during the course of the crimes (Penal Law §§ 140.30 [3]; 160.15 [3]). In particular, Graziano testified that she and her son were threatened with a chisel and with a white-handled paring knife. Graziano did not mention the chisel or the paring knife in her statement to the police immediately following the crimes or during her follow-up interview with the police three weeks later. Considering the abundance of evidence against him, defendant sought to challenge the evidence of a dangerous weapon in the hopes that the jury would convict him of lesser included crimes, rather than burglary in the first degree and robbery in the first degree. By limiting the scope of defendant’s cross-examination, County Court impaired his ability to develop Graziano’s motive to fabricate the evidence relating to the dangerous weapons and, thus, improperly restricted his cross-examination of adverse witnesses (see People v Spencer, 20 NY3d at 956; People v *947 Ocampo, 28 AD3d at 686; People v Ashner, 190 AD2d 238, 248 [1993]).
The majority asserts that allowing defendant to pursue his desired line of cross-examination would have resulted in “a free-wheeling general inquiry” into “Graziano’s unrelated and marginally relevant personal drug problems” and “a trial on a collateral matter.” However, I am not suggesting that County Court should have permitted defendant free rein to inquire into all of Graziano’s alleged drug activities or her personal history with drugs. Rather, County Court should have allowed defendant to engage in a measured cross-examination regarding the particulars of the drugs and drug paraphernalia, including the drugs on the digital scale, found at the crime scene and to introduce the photographs taken of these items so as to provide the jury with a complete understanding of Graziano’s motive to fabricate — a matter that is never collateral.
Notwithstanding my conclusion that County Court’s restriction of defendant’s cross-examination was too severe, such error was, in this particular case, harmless beyond a reasonable doubt (see People v Spencer, 20 NY3d at 956-957). Excluding Graziano’s testimony relating to the dangerous weapons, the testimony offered by other witnesses and the recovery of a chisel and a paring knife at the scene by law enforcement officers provided overwhelming proof establishing defendant’s participation in the home invasion and the use of a weapon or dangerous instrument during the commission of the crimes. Accordingly, I join in the majority’s determination to affirm the judgment of conviction.
Ordered that the judgment is affirmed.