People v Scott (2020 NY Slip Op 07746)





People v Scott


2020 NY Slip Op 07746


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


642 KA 16-01586

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARLON R. SCOTT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered April 12, 2016. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]). Defendant's conviction stems from an incident in which he struck the victim with the motor vehicle he was driving, breaking both of the victim's legs.
Defendant contends that Supreme Court abused its discretion in its Sandoval ruling, pursuant to which the prosecutor was permitted to question defendant about his 2008 conviction for robbery in the first degree. We reject that contention. Initially, we reject defendant's claim that the 2008 conviction was too remote in time to be probative. The admission of evidence of "prior convictions [that are] remote in time [is a] matter[] of substance that may properly be considered by the trial court," and the court's exercise of discretion "should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning" (People v Walker, 83 NY2d 455, 459 [1994]; see People v Ellis, 183 AD2d 534, 535 [1st Dept 1992], affd 81 NY2d 854 [1993]), particularly where, as here, "the basis of the court's decision may be inferred from the parties' arguments" (Walker, 83 NY2d at 459). Under the circumstances of this case, "the jury could have considered [the robbery conviction] as a manifestation of defendant's willingness to place his own interests above that of the community" (People v Taylor, 140 AD3d 1738, 1739 [4th Dept 2016]).
We also reject defendant's claim that the court's admission of the prior conviction improperly deterred him from testifying in support of his justification defense. Defendant was not "the only available source of material testimony in support of his defense" (People v Calderon, 146 AD3d 967, 972 [2d Dept 2017], lv denied 29 NY3d 1076 [2017] [emphasis added]), and the absence of his testimony did not deprive the jury of "significant material evidence" (People v Grant, 7 NY3d 421, 424 [2006] [internal quotation marks omitted]), inasmuch as defendant's girlfriend, who was a passenger in defendant's vehicle when the incident occurred, was able to provide eyewitness testimony regarding the incident.
Defendant further contends that the court abused its discretion in its Molineux ruling, pursuant to which the victim was permitted to testify that defendant had asked him multiple times—including on the day of the incident—to participate in a cell phone distribution scheme. We conclude that defendant failed to preserve that contention for our review inasmuch as defense counsel objected only to the People's failure to provide notice that it planned to elicit such testimony (see CPL 470.05 [2]; see generally People v Wiggins, 11 AD3d 981, 981 [4th Dept [*2]2004], lv denied 3 NY3d 761 [2004]). In any event, defendant's contention lacks merit. The victim's testimony did not "implicate defendant in the commission of any uncharged crime and thus it did not constitute Molineux evidence" (People v Coppeta, 125 AD3d 1304, 1304 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]). Further, the victim's testimony about the cell phone scheme was relevant as necessary "background material," which "complete[d] the narrative of the episode" (People v Till, 87 NY2d 835, 837 [1995] [internal quotation marks omitted]) and allowed the jury to understand the case in context (see People v Resek, 3 NY3d 385, 389 [2004]).
Defendant similarly failed to preserve for our review his related contention that the court erred in failing to issue a limiting instruction with respect to the victim's testimony about the cell phone scheme (see People v Williams, 107 AD3d 1516, 1516 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]). In any event, that contention also lacks merit (see generally People v Carey, 244 AD2d 952, 953 [4th Dept 1997], lv denied 92 NY2d 849 [1998]).
We reject defendant's further contention that the court erred in refusing to charge the jury on the defense of justification. Viewing the evidence in the light most favorable to defendant, as we must (see People v Brown, 169 AD3d 1488, 1488-1489 [4th Dept 2019], lv denied 35 NY3d 1064 [2020]), we conclude that there is no reasonable view of the evidence from which the jury could have found that defendant's actions were justified (see generally id.). Here, defendant was safely in his vehicle and the victim was walking away from the vehicle toward the curb when defendant drove into the victim, and there was only "equivocal evidence that [the victim] may have had a knife sometime during the dispute" that preceded the incident (People v Benson, 265 AD2d 814, 815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]; cf. People v Arzu, 7 AD3d 458, 459 [1st Dept 2004], lv dismissed 3 NY3d 670 [2004]).
Finally, we reject defendant's contention that he was denied effective assistance of counsel. Defendant contends that, although the parties stipulated that the victim sustained a physical injury within the meaning of Penal Law § 120.05 (2), defense counsel was ineffective for failing to object when the prosecutor elicited testimony from the victim describing his injuries in detail and had the victim show his scars to the jury, and for failing to object when the prosecutor referenced the victim's testimony regarding his injuries on summation. Under the circumstances of this case, however, we conclude that, inasmuch as a victim's testimony regarding his or her injuries may be relevant to establish the defendant's intent (see generally People v Jaber, 172 AD3d 1227, 1229 [2d Dept 2019], lv denied 34 NY3d 933 [2019]), defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998]; see generally People v Sampson, 184 AD3d 1123, 1125 [4th Dept 2020], lv denied 35 NY3d 1096 [2020]; People v Williams, 163 AD3d 1422, 1423 [4th Dept 2018]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court