People v DeValle (2021 NY Slip Op 02929)





People v Devalle


2021 NY Slip Op 02929


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


413 KA 17-00279

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH A. DEVALLE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 6, 2016. The judgment convicted defendant upon a plea of guilty of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of one count of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), two counts of criminal possession of a controlled substance in the third degree
(§ 220.16 [1]), and one count of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant contends that Supreme Court abused its discretion in denying his request for an adjournment to permit defendant's newly-retained attorney time to prepare for trial. Although granting an adjournment is a matter left to the court's discretion, that discretion is more narrowly construed when the right of a defendant to prepare his or her case is involved (see People v Matthews, 148 AD2d 272, 276 [4th Dept 1989], lv dismissed 74 NY2d 950 [1989]; see generally People v Peterkin, 81 AD3d 1358, 1360 [4th Dept 2011], lv denied 17 NY3d 799 [2011]). Nevertheless, a defendant may not use the right to counsel of his or her choice as a means to delay the proceedings (see People v Arroyave, 49 NY2d 264, 271 [1980]; see also People v O'Daniel, 24 NY3d 134, 138 [2014]). It is thus "incumbent upon the defendant to demonstrate that the requested adjournment has been necessitated by forces beyond his [or her] control and is not simply a dilatory tactic" (Arroyave, 49 NY2d at 271-272; see People v VanDenBosch, 142 AD2d 988, 988-989 [4th Dept 1988]). Here, the court granted defendant's request, made 12 days before trial was scheduled to commence, to substitute his newly-retained counsel for the public defender who had represented him up to that point, and defense counsel accepted representation with knowledge of the time constraints (see People v Comfort, 60 AD3d 1298, 1299 [4th Dept 2009], lv denied 12 NY3d 924 [2009]). Further, defendant did not demonstrate that the requested adjournment was necessitated by factors outside his control (see People v Povio, 284 AD2d 1011, 1011 [4th Dept 2001], lv denied 96 NY2d 923 [2001]). Considering "the reasonableness of the trial court's decision in light of all the existing circumstances" (Arroyave, 49 NY2d at 272), we conclude that the court did not abuse its discretion in denying defendant's request for an adjournment (see Povio, 284 AD2d at 1011; cf. VanDenBosch, 142 AD2d at 989).
Defendant's related contention that his guilty plea was not knowingly, voluntarily, and intelligently entered is not preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction (see People v Brinson, 130 AD3d 1493, 1493 [4th Dept 2015], lv denied 26 NY3d 965 [2015]; People v Laney, 117 AD3d 1481, 1482 [4th Dept 2014]).
Finally, defendant's sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court