People v Joudeh (2025 NY Slip Op 03867)

People v Joudeh

2025 NY Slip Op 03867

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 3882/16|Appeal No. 4641|Case No. 2019-02033|

[*1]The People of the State of New York, Respondent,
v
Akram Joudeh, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert Stolz, J.), rendered December 6, 2018, as amended March 6, 2019, convicting defendant, following a jury trial, of attempted murder in the second degree, assault in the first degree, two counts of menacing a police officer or peace officer, criminal possession of a weapon in the third degree, criminal mischief in the fourth degree, and resisting arrest, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
Defendant was not deprived of his right to present a defense or to confront the prosecution's witnesses by the court's denial of his request to cross-examine three police officers who fired shots at defendant regarding the disciplinary consequences of wrongfully discharging their weapons and to introduce evidence that the officers fired 18 shots at him, collectively. The determination fell within the court's "broad discretion" to "keep the proceedings within manageable limits" and "curtail exploration of collateral matters" (People v Spencer, 20 NY3d 954, 956 [2012]). The police disciplinary rules were of little probative value here because all the officers were found to have acted appropriately in firing their weapons. Further, any error was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230 [1975]) as defendant's theory of the case — that four officers, including the victim, lied on the stand about the predicate for their actions — is far-fetched at best and the evidence of guilt was overwhelming.
We perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025