■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN AYERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered June 20, 1988, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the trial court erred in precluding him from cross-examining a police detective regarding an unrelated civil lawsuit commenced by a defense witness against the detective and the City of New York. The defendant claims that the pending

lawsuit, which involved an injury sustained by the defense witness while he was being transported in a police vehicle during the investigation of the instant homicide, created a motive on the part of the detective to lie about the contents of his interview with the witness. However, this claim is based upon nothing more than speculation and conjecture. Inasmuch as the civil action concerns the adequacy of the precautions taken by the detective to protect the witness, evidence regarding the pendency of that suit would at best indicate hostility on the part of the detective toward the defense witness personally. However, it would not suggest the existence of any hostile feelings toward the defendant or provide a motive for the detective to fabricate the contents of the witness's statements regarding the manner in which the homicide occurred. As noted by the Court of Appeals in *Schultz v Third Ave. R. R. Co.* (89 NY 242, 250): "The evidence to show the hostile feelings of a witness when it is alleged to exist should be direct and positive, and not very remote and uncertain, for the reason that the trial of the main issues in the case cannot be properly suspended to make out the case of hostile feeling by mere circumstantial evidence from which such hostility or malice may or may not be inferred." We find the proffered evidence of hostility toward the defendant in this case is far too remote and speculative to have warranted its admission at trial. Accordingly, the court did not improvidently exercise its broad discretion to limit cross-examination *(see, People v Stanard,* 42 NY2d 74) by precluding the defendant from questioning the detective with regard to the wholly unrelated pending civil lawsuit.

The defendant's challenges to various remarks made during the prosecutor's summation are largely unpreserved for appellate review *(see, People v Medina,* 53 NY2d 951). Those comments which were preserved for appellate review were permissible as fair responses to the defense summation and did not deprive the defendant of a fair trial *(see, People v Lewis,* 140 AD2d 714; *People v Singleton,* 121 AD2d 752).

The defendant's remaining contentions raise issues of law which have not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v West,* 151 AD2d 526; *People v Mathis,* 150 AD2d 613; *People v Stanley,* 133 AD2d 654; *People v Josey,* 131 AD2d 699), and review of these issues in the interest of justice is unwarranted in view of the overwhelming proof of guilt in this case. Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.