■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GEORGE, Appellant. [602 NYS2d 643] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered March 12, 1991, convicting him of rape in the first degree (two counts), sodomy in the first degree, menacing in the first degree, criminal mischief in the fourth degree, unlawful imprisonment in the first degree, and criminal possession of weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Resolutions of issues of credibil-

ity, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). The jury was entitled to credit the complainant's testimony, since it was not incredible as a matter of law. Therefore, since the jury's verdict is supported by the record, it should not be disturbed on appeal *(see, People v Garafolo,* 44 AD2d 86).

The evidence of the defendant's prior assaults of the complainant was properly introduced into evidence. Although evidence of uncharged crimes is not admissible to show a defendant's predisposition to criminal conduct *(see, People v Molineux,* 168 NY 264, 291-293), evidence of uncharged crimes is admissible when it is relevant to prove an element of the crime charged, and the probative value of the evidence outweighs the potential prejudice to the defendant *(see, People v Alvino,* 71 NY2d 233, 242; *People v Lewis,* 69 NY2d 321, 325). Accordingly, in the present case, evidence of the defendant's prior physical abuse of the complainant was admissible, since it was probative of the victim's state of mind and relevant to prove that the defendant used "forcible compulsion", a necessary element of the conviction of rape in the first degree and sodomy in the first degree and the probative value outweighed any prejudice to the defendant *(see, People v Barlow,* 88 AD2d 668; *People v Johnson,* 37 AD2d 218, 221, *affd* 30 NY2d 776).

Further, the trial court did not improvidently exercise its discretion in precluding defense counsel from cross-examining the arresting officer regarding his familiarity with search and seizure law. Although proof aimed at establishing a motive to fabricate testimony is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative *(see, People v Rodriguez,* 191 AD2d 723; *People v Stewart,* 188 AD2d 626; *People v Veras,* 182 AD2d 729). Moreover, cross-examination aimed at establishing a possible reason to fabricate testimony must proceed upon some good-faith basis *(see, People v Hudy,* 73 NY2d 40, 57; *People v Rodriguez, supra).* In the present case, defense counsel's attempts to establish that the arresting officer fabricated his testimony regarding the recovery of the gun because of his knowledge of search and seizure law was entirely speculative. Moreover, any probative value of the cross-examination was outweighed by the danger that the main issues would be obscured and the jury would be confused *(see, People v Davis,* 43 NY2d 17, *cert denied* 435 US 998).

The lost notes of the nurse who was present during the physical examination of the complainant were not *Rosario* material, since the People had neither actual nor constructive possession of the notes *(see, People v Flynn,* 79 NY2d 879, 882; *People v Tissois,* 72 NY2d 75, 78; *People v Berkley,* 157 AD2d 463; *cf., People v Ranghelle,* 69 NY2d 56, 64). Thus, the trial court properly denied defense counsel's request for the imposition of sanctions against the People for the loss of the notes.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review, without merit, or do not require reversal. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.