THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTE DAISE, Appellant. [632 NYS2d 191] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 27, 1993, convicting him of attempted murder in the second degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court was biased because it allegedly curtailed his cross-examination of a police witness is unpreserved for appellate review (see, *People v Charleston*, 56 NY2d 886). In any event, the claim is baseless. The questions that allegedly were curtailed had little or no relevance to the purpose of the hearing and the People's objections thereto were properly sustained.

Contrary to the defendant's contention, the admission into evidence of a post-arrest photograph showing the defendant lying on the floor holding his leg did not deprive him of a fair trial. The photograph was properly admitted since it had some probative value and it did not portray the defendant in a prejudicial or disreputable manner (see, *People v Pobliner*, 32 NY2d 356, 370, *cert denied* 416 US 905; *cf., People v Gerbino*, 132 AD2d 566).

The defendant's contention that he was prejudiced because of the prosecutor's remarks during summation is unpreserved for appellate review and, in any event, is without merit. The prosecutor did not exceed the wide latitude afforded to counsel and her comments did not call upon the jury to draw conclusions that were not fairly inferable from the evidence (see, *People v Halm*, 81 NY2d 819; *People v Ashwal*, 39 NY2d 105; *People v Pilgrim*, 208 AD2d 868). Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.