■ The People of the State of New York, Respondent, v Bernard Wright, Appellant. [737 NYS2d 883] —Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered July 27, 2000, convicting him of robbery in third degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his rights to confrontation, to effective cross-examination, or to present a

defense, because the trial court limited cross-examination of the complainant after he asserted his Fifth Amendment privilege against self-incrimination regarding his immigration status. "Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative" (*People v Barney,* 277 AD2d 460, 460; *see, People v George,* 197 AD2d 588). While we agree with the defendant that the trial court erroneously excluded the proof on the ground that it was collateral, the error was harmless. The evidence concerning the complainant's motive to fabricate was speculative, and the proof of the defendant's guilt was overwhelming (*see, People v Johnson,* 57 NY2d 969).

The defendant's remaining contentions are without merit. Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.