■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLOMON SANDEL, Appellant. [749 NYS2d 554] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered April 23, 2001, convicting him of assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly curtailed his right to present a defense by precluding his father-in-law from testifying that the complainant had offered to discontinue prosecution of the case in exchange for money. However, this claim is unpreserved for appellate review because the defense counsel did not object to the trial court's ruling, which was made after taking an offer of proof (*see* CPL 470.05 [2]; *People v Acosta,* 180 AD2d 505). In any event, the defendant's contention is without merit. Although evidence aimed at establishing a motive to fabricate may not be excluded

upon the ground that it is collateral, a trial court may exclude such proof where, among other things, it lacks a good-faith factual basis (*see People v Hudy,* 73 NY2d 40, 57; *People v Esposito,* 225 AD2d 928; *People v Stewart,* 188 AD2d 626). Since the offer of proof indicated that the complainant's alleged statement was made to someone other than the defendant's father-in-law, the proposed testimony was hearsay, and there was no factual basis to support it (*see People v Simmons,* 170 AD2d 15). We further note that the trial court also ruled that the defendant's father-in-law could offer testimony as to any statements the complainant made to him which showed bias toward the defendant.

The defendant's contention that the prosecutor improperly cross-examined him about a statement that was suppressed by a pretrial ruling is also unpreserved for appellate review. In any event, the defendant opened the door to questioning about this statement by giving testimony on direct examination about the events surrounding his arrest which differed from those which could be inferred from his statement (*see People v Wise,* 46 NY2d 321, 324, 326-327; *People v Barrett,* 247 AD2d 626).

The defendant's remaining contentions are unpreserved for appellate review or without merit. O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.