■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIAN FAROOQ, Appellant. [757 NYS2d 777] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 17, 2000, convicting him of rape in the first degree (two counts), sexual abuse in the first degree, incest (two counts), rape in the third degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant alleges that the Supreme Court made improper trial rulings. We disagree. The Supreme Court properly exercised its discretion in limiting the defense counsel's cross-examination because the questions posed either lacked a good-faith basis or were otherwise improper (*see People v Negrette,* 218 AD2d 751, 752 [1995]; *People v Schinas,* 204 AD2d 362 [1994]; *cf. People v Schwartzman,* 24 NY2d 241 [1969], *cert denied* 396 US 846 [1969]). The defendant was properly precluded from testifying with respect to statements made by the complainant because they were inadmissible hearsay and did not qualify as an exception under the doctrine of res gestae (*see People v Sostre,* 70 AD2d 40, 44-45 [1979]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.