THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR MESTRES, Appellant. [838 NYS2d 164]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 3, 2004, convicting him of burglary in the second degree, aggravated harassment in the second degree, and criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defense counsel sought permission to cross-examine the complainant about her alleged offer to pay the sum of $7,000 to the defendant in exchange for his marrying her, so that she could obtain citizenship. According to the defense counsel, because the defendant had rejected this offer, the complainant had a motive to fabricate her testimony. However, contrary to the defendant's contention, the trial court providently exercised its discretion in precluding the defense counsel from cross-examining the complainant about this alleged matter. While proof aimed at establishing a motive to fabricate is never collateral and may not be excluded upon that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where, as here, the proof is too remote and speculative to establish a motive to fabricate (see People v Thomas, 46 NY2d 100, 105 [1978]; People v Barney, 277 AD2d 460 [2000]; People v DaCosta, 201 AD2d 402, 402-403 [1994]; People v George, 197 AD2d 588, 589 [1993]).

The defendant, who was convicted of burglary in the second degree (see Penal Law § 140.25), also contends that because the prosecution proceeded upon the sole theory that he had unlawfully entered the complainant's apartment with the intent to commit a crime therein, the trial court committed reversible error when, in its charge to the jury on burglary, it referred to a person unlawfully entering "or remain[ing]" in a building with the intent to commit a crime therein (see People v Gaines, 74 NY2d 358, 363 [1989]). However, since the defense counsel never objected to the charge, this contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Fabre, 288 AD2d 392

[2001]; *People v Lafond,* 213 AD2d 678 [1995]), and in any event, reversal is not required on this ground (*see People v Curella,* 296 AD2d 578; *People v Castano,* 236 AD2d 215 [1997]; *People v Fenderson,* 203 AD2d 585, 586 [1994]; *People v Jackson,* 202 AD2d 250 [1994]; *People v Davila,* 181 AD2d 582, 583 [1992]; *People v Santana,* 172 AD2d 299, 299-300 [1991]). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.