■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO GARCIA, Appellant. [849 NYS2d 637]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling J.), rendered October 26, 2005, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to jury selection, the prosecutor made a motion in limine to preclude defense counsel from cross-examining certain

witnesses as to their immigration status. Defense counsel contended that the immigration status of these witnesses gave them a reason to cooperate with the prosecution and fabricate their testimony. The trial court granted the motion, which the defendant contends deprived him of his right to confront adverse witnesses and to present a defense.

While extrinsic proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, when the evidence is too remote or speculative of a motive to fabricate, the trial court may, in its discretion, exclude such proof (*see People v Thomas*, 46 NY2d 100, 105 [1978]; *People v Mestres*, 41 AD3d 618 [2007]; *People v Walsh*, 35 AD3d 637 [2006]; *People v George*, 197 AD2d 588, 589 [1993]). Moreover, the cross-examination aimed at establishing a motive to fabricate must proceed upon some good-faith basis (*see People v Farooq*, 304 AD2d 772 [2003]; *People v Sandel*, 299 AD2d 373, 374 [2002]; *People v Ashner*, 190 AD2d 238, 247 [1993]).

Here, the proposed line of inquiry was too remote and speculative to infer a motive to fabricate (*see People v Mestres*, 41 AD3d 618 [2007]; *People v Walsh*, 35 AD3d 637 [2006]; *People v Martinez*, 177 AD2d 600, 601-602 [1991]; *People v Ayers*, 161 AD2d 770, 771 [1990]; *see also People v Wright*, 291 AD2d 577 [2002]; *cf. People v Ocampo*, 28 AD3d 684 [2006]). Moreover, since defense counsel never identified which witnesses she sought to question about their immigration status, and did not establish some "reasonable basis" (*People v Alamo*, 23 NY2d 630, 633 [1969]) to believe that any of them were, in fact, in this country illegally, the trial court providently exercised its discretion in precluding that line of questioning (*see People v Mendez*, 306 AD2d 143, 144 [2003]; *People v Rodriguez*, 191 AD2d 723 [1993]; *cf. People v Anonymous*, 275 AD2d 210, 212 [2000]).

While the challenged sentence is greater than that offered to the defendant in return for a plea of guilty, sentences imposed after trial may be more severe than those proposed in connection with a plea bargain (*see People v Pena*, 50 NY2d 400, 412 [1980]; *People v Norfleet*, 146 AD2d 812, 813 [1989]). We conclude that the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.