THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SPENCER, Appellant. [928 NYS2d 607]—

Following an altercation with a third party, the defendant allegedly punched the complainant, an off-duty police officer who was outside his home, and then brandished a gun at him. The

complainant subdued the defendant, and contacted other police officers, who arrested the defendant. At trial, the defendant claimed that the complainant had falsely implicated him, and that it was the third party who actually possessed the gun. The defendant sought to establish that the reason the complainant falsely implicated him was because the complainant and the third party had a friendly relationship, that they drag raced cars together, and that the complainant allowed the third party to deal drugs in front of his home.

"While extrinsic proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, when the evidence is too remote or speculative of a motive to fabricate, the trial court may, in its discretion, exclude such proof" (*People v Garcia*, 47 AD3d 830, 831 [2008]; *see People v Thomas*, 46 NY2d 100, 105 [1978]; *People v Mestres*, 41 AD3d 618 [2007]). Moreover, there must be a good faith basis to support the motive to fabricate (*see People v Hudy*, 73 NY2d 40, 57 [1988]; *People v Garcia*, 47 AD3d at 831; *People v Ocampo*, 28 AD3d 684, 685 [2006]; *People v Sandel*, 299 AD2d 373, 374 [2002]).

Here, during the defendant's case, defense counsel stated in chambers that the defendant would testify as to his personal observations of the complainant drag racing cars with the third party, and the third party dealing drugs in front of the complainant's home. Upon that offer of proof, a good faith basis establishing the complainant's motive to fabricate existed (*see People v Ocampo*, 28 AD3d at 686). Contrary to the trial court's conclusion, this proof should not have been excluded on the basis that it was collateral, as such exclusion goes directly to the defendant's constitutional right to present a defense (*see People v Hudy*, 73 NY2d at 57-58). Nor should the trial court have excluded the proof out of concern for the complainant's reputation (*see People v Ashner*, 190 AD2d 238, 248 [1993]). While the People contend that the evidence tending to establish the complainant's motive to fabricate was too remote and speculative, we disagree. Nevertheless, we conclude that the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 240-241 [1975]; *People v Taylor*, 40 AD3d 782, 785-786 [2007]). The complainant's testimony was supported by other witnesses who observed the incident, making the evidence of guilt overwhelming (*cf. People v Ocampo*, 28 AD3d at 686; *People v Ashner*, 190 AD2d at 248). Moreover, there is no reasonable possibility that the error might have contributed to the defendant's conviction.

The defendant's contentions regarding the alleged bias or

prejudice of the trial court are partly based on matter outside the record. To the extent that those contentions are based on matter outside the record, they are not reviewable on direct appeal from the judgment of conviction (*see People v Cass*, 79 AD3d 768, 770 [2010]; *People v Alston*, 77 AD3d 762, 763 [2010]). To the extent that these contentions are reviewable, the record indicates that the trial court did not evince impermissible prejudice or bias. Although the trial court sustained a number of objections, most of the objections were properly sustained, and the "trial judge possesses the discretion to become involved in witness examination to the extent necessary to clarify issues and proof, and to ensure the orderly and expeditious progress of the trial" (*People v Prado*, 1 AD3d 533, 535 [2003], *affd* 4 NY3d 725 [2004]; *see People v Yut Wai Tom*, 53 NY2d 44, 56 [1981]; *People v Moulton*, 43 NY2d 944, 945-946 [1978]). However, we caution the trial court about excessively interfering in the course of the trial, as "there may be greater risk of prejudice from overintervention than from underintervention" (*People v Yut Wai Tom*, 53 NY2d at 57).

The trial court did not err in admitting into evidence a tape of a 911 emergency call made by one of the witnesses, the wife of the complainant. Contrary to the defendant's contention, that tape was properly authenticated (*see People v McPherson*, 70 AD3d 1353, 1354 [2010]). Further, the trial court did not err in finding that the tape was admissible under the excited utterance and present sense impression exceptions to the hearsay rule (*see People v Coad*, 60 AD3d 963, 963-964 [2009]; *People v Dominick*, 53 AD3d 505, 505-506 [2008]; *People v Davis*, 49 AD3d 895, 896 [2008]).

The defendant contends that certain of the prosecutor's summation remarks deprived him of a fair trial. However, the defendant failed to object during summation when the prosecutor questioned whether the complainant would place his job and liberty at risk in order to falsely implicate the defendant and when he referred to a juvenile delinquency adjudication as a felony. Consequently, those challenges are not preserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Salnave*, 41 AD3d 872, 874 [2007]). The remaining summation comments challenged by the defendant constituted fair comment on the evidence or were responsive to arguments and theories presented in the defense summation (*see People v Perez*, 77 AD3d 974 [2010]; *People v Gordon*, 306 AD2d 422 [2003]; *People v Turner*, 214 AD2d 594 [1995]).

The defendant's remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.