Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wetzel, J.), rendered June 11, 2010, as amended by a judgment of the same court (Zambelli, J.), rendered October 5, 2010, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment, as amended, is affirmed.
Contrary to the People’s contention, the defendant’s claim that the evidence was legally insufficient to establish his guilt is preserved for appellate review (see People v Soto, 8 AD3d 683 [2004]; cf. People v Gray, 86 NY2d 10 [1995]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The Supreme Court providently exercised its discretion in precluding the defendant from submitting evidence with respect to a prior unrelated lawsuit against the police department and from cross-examining the arresting officers on the subject, since the defendant failed to establish that the arresting officers had any knowledge of the civil lawsuit at the time of the defendant’s arrest, or any connection with the officers involved in that lawsuit. Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, as here, in the exercise of its discretion, properly exclude such proof where it is too remote and speculative (see People v Thomas, 46 NY2d 100 [1978]; People v Hoover, 298 AD2d 599 [2002]; People v Barney, 277 AD2d 460 [2000]; People v Ayers, 161 AD2d 770 [1990]).
The defendant’s contentions that various questions posed by the prosecutor during cross-examination and certain allegedly improper comments made by the prosecutor during her summation deprived him of his right to a fair trial are largely *890 unpreserved for appellate review (see CPL 470.05 [2]; People v Osorio, 49 AD3d 562, 563-564 [2008]). In any event, for the most part, the challenged questions were proper, and the challenged comments were proper, fair comment on the evidence, permissible rhetorical comment, or responsive to the summation of defense counsel (see People v Dorgan, 42 AD3d 505 [2007]; People v McHarris, 297 AD2d 824 [2002]; People v Clark, 222 AD2d 446 [1995]; People v Vaughn, 209 AD2d 459 [1994]). To the extent that some of the questions and comments were improper, they were sufficiently addressed by the Supreme Court’s instructions to the jury (see People v Evans, 291 AD2d 569 [2002]; People v Brown, 272 AD2d 338 [2000]), or not unduly prejudicial (see People v Malave, 7 AD3d 542 [2004]; People v Tolliver, 267 AD2d 1007 [1999]).
The remaining contentions raised in the defendant’s main brief are without merit. The remaining contentions raised in the defendant’s pro se supplemental brief either are without merit, or are based on matter dehors the record and are thus not reviewable on direct appeal. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.
Motion by the respondent on an appeal from a judgment of the Supreme Court, Westchester County, rendered June 11, 2010, as amended by a judgment of the same court rendered October 5, 2010, inter alia, to strike the appellant’s pro se supplemental brief on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated June 26, 2012, that branch of the motion which was to strike the appellant’s pro se supplemental brief was held in abeyance, and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the branch of the motion which is to strike the appellant’s pro se supplemental brief is denied as academic in light of the determination of the appeal. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.