■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LICAUSI, Appellant. [996 NYS2d 188]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered October 21, 2010, convicting him of aggravated vehicular homicide, manslaughter in the second degree, unlawful fleeing a police officer in a motor vehicle in the first degree, driving while ability impaired by

drugs, reckless driving, failing to stop at a stop sign (three counts), failing to stay in a designated lane, failing to stop at a steady red light (two counts), and speeding, upon a jury verdict, and sentencing him, as a persistent felony offender, to terms of imprisonment of 25 years to life upon each of his convictions of aggravated vehicular homicide, manslaughter in the second degree, and unlawful fleeing a police officer in a motor vehicle in the first degree, a term of imprisonment of $1^1/_3$ to 4 years upon his conviction of driving while ability impaired by drugs, a term of incarceration of 30 days upon his conviction of reckless driving, and terms of incarceration of 15 days upon each of his convictions of failing to stop at a stop sign, failing to stay in a designated lane, failing to stop at a steady red light, and speeding, all sentences to run concurrently with each other. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress the results of a blood test.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon the convictions of aggravated vehicular homicide, manslaughter in the second degree, and unlawful fleeing a police officer in a motor vehicle in the first degree from terms of imprisonment of 25 years to life to terms of imprisonment of 18 years to life; as so modified, the judgment is affirmed.

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress the results of a blood test on the ground that his blood was not obtained in compliance with Vehicle and Traffic Law § 1194 (3). Under the circumstances here, although the police did not strictly comply with the procedures for obtaining a court order to compel the defendant to submit to a chemical blood test under Vehicle and Traffic Law § 1194 (3), there was substantial compliance with the requirements of the statute (*see People v Sierra*, 85 AD3d 1659, 1660 [2011]; *People v Dombrowski-Bove*, 300 AD2d 1122, 1123 [2002]; *People v Whelan*, 165 AD2d 313, 322-323 [1991]; *People v Rollins*, 118 AD2d 949, 950 [1986]; *see also People v Goodell*, 79 NY2d 869, 870-871 [1992]).

The County Court providently exercised its discretion in precluding the defendant from presenting the testimony of a Suffolk County Police Department Internal Affairs inspector who reviewed an investigation of the arresting officer's conduct during the pursuit of the defendant, which testimony was offered to show that the officer had a motive to fabricate his testimony. While extrinsic proof tending to establish a motive to fabricate is never collateral and may not be excluded on that

ground, a trial court may, as here, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative (*see People v Thomas*, 46 NY2d 100, 105-106 [1978]; *People v Hines*, 102 AD3d 889, 889 [2013]; *People v Garcia*, 47 AD3d 830, 831 [2008]; *People v Mestres*, 41 AD3d 618, 618 [2007]; *People v Monroe*, 30 AD3d 616, 617 [2006]).

Contrary to the People's contention, the defendant preserved for appellate review his claim that the County Court improperly denied his motion for a mistrial based on certain testimony of the arresting officer (*see* CPL 470.05 [2]). However, the court providently exercised its discretion in denying the defendant's motion for a mistrial (*see People v Reaves*, 112 AD3d 746, 747-748 [2013]; *People v Brown*, 76 AD3d 532, 533 [2010]; *People v Arena*, 70 AD3d 1044, 1046-1047 [2010]).

At a hearing pursuant to CPL 400.20 to determine whether the defendant should be sentenced as a persistent felony offender, the defendant challenged the use of his 2002 convictions for that purpose on the ground that they were unconstitutionally obtained because his plea of guilty entered in connection therewith was coerced by the County Court and therefore involuntary (*see* CPL 400.20 [6]). Contrary to the defendant's contention, the court's remarks during the 2002 plea proceeding were not impermissibly coercive, since the court did not explicitly threaten to sentence the defendant to the maximum term upon a conviction after trial, but only informed him of his possible sentence exposure were he to proceed to trial (*see People v Tavares*, 103 AD3d 820, 820 [2013]; *People v Foster*, 99 AD3d 812, 812-813 [2012]; *People v Bravo*, 72 AD3d 697, 698 [2010]; *cf. People v Rogers*, 114 AD3d 707, 707 [2014]; *People v Fisher*, 70 AD3d 114, 117-118 [2009]; *People v Flinn*, 60 AD3d 1304, 1305 [2009]). Thus, the County Court properly determined that the 2002 convictions were not unconstitutionally obtained and found that the defendant was a persistent felony offender based on his 1996 and 2002 convictions (*see* Penal Law § 70.10 [1]; CPL 400.20 [5]).

Thereafter, the County Court providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; *People v Dixon*, 107 AD3d 735, 736 [2013]; *People v Bazemore*, 100 AD3d 915, 915 [2012]). Further, the court did not sentence the defendant on the basis of "materially untrue assumptions or misinformation" (*People v Naranjo*, 89 NY2d 1047, 1049 [1997] [internal quotation marks omitted]). However, the sentence was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised

in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.