■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE RAMSUNDAR, Appellant. [28 NYS3d 340]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered January 11, 2012, convicting him of grand larceny in the second degree (8 counts), grand larceny in the third degree (13 counts), grand larceny in the fourth degree, money laundering in the second degree (2 counts), money laundering in the third degree (2 counts), criminal impersonation in the first degree (19 counts), and scheme to defraud in the first degree (4 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]).

The defendant further contends that the Supreme Court denied him the constitutional right to present a defense (see generally *Chambers v Mississippi*, 410 US 284 [1973]; *Washington v Texas*, 388 US 14 [1967]) by precluding him from eliciting

testimony that would demonstrate the complainants' bias or motive to fabricate. However, the defendant's constitutional claims are unpreserved for appellate review, since he did not assert a constitutional right to introduce the excluded evidence at trial (*see People v Simmons*, 106 AD3d 1115, 1116 [2013]). In any event, the court's rulings were a provident exercise of discretion, as the defendant failed to offer a good faith basis for the proposed line of inquiry (*see People v Hicks*, 88 AD3d 817, 818-819 [2011]; *People v Garcia*, 47 AD3d 830, 831 [2008]; *People v Mestres*, 41 AD3d 618 [2007]; *People v Walsh*, 35 AD3d 637 [2006]).

The testimony of the People's witness who summarized certain voluminous records was properly admitted (*see People v Haque*, 70 AD3d 967, 968 [2010]; *People v Potter*, 255 AD2d 763 [1998]; *People v Weinberg*, 183 AD2d 932 [1992]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and the amount of restitution was not excessive (*see People v Stubbs*, 281 AD2d 498, 499 [2001]).

The defendant's remaining contentions are without merit. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.