People v Grose (2019 NY Slip Op 03808)





People v Grose


2019 NY Slip Op 03808


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-01657
 (Ind. No. 10127/14)

[*1]The People of the State of New York, respondent,
v
Toyan Grose, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Abed Z. Bhuyan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah A. Dowling, J.), rendered January 19, 2016, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the trial justice providently exercised her discretion in declining to recuse herself from determining his motion to controvert a warrant to search his Facebook account. Absent a legal disqualification under Judiciary Law § 14, a judge is the sole arbiter of the need for recusal, and his or her decision is a matter of discretion and personal conscience (see People v Brims, 145 AD3d 1025, 1025-1026; People v Smith, 123 AD3d 950; People v Modica, 80 AD3d 590). Judiciary Law § 14 does not compel a judge to recuse himself or herself from ruling on the validity of a search warrant that he or she previously issued (see People v Novak, 30 NY3d 222, 227; People v McCann, 85 NY2d 951, 952-953). Moreover, the search warrant was supported by probable cause and was not unconstitutionally overbroad.
The defendant contends that at trial, he was deprived of his rights to present a defense, to confront the witnesses against him, and to a fair trial when the Supreme Court curtailed defense counsel's cross-examination of two witnesses regarding the complainant's alleged motive to fabricate and precluded the defendant from testifying at trial regarding the complainant's alleged motive to fabricate. " While extrinsic proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, when the evidence is too remote or speculative [*2]of a motive to fabricate, the trial court may, in its discretion, exclude such proof'" (People v Spencer, 87 AD3d 751, 752, affd 20 NY3d 954, quoting People v Garcia, 47 AD3d 830, 831; see People v Thomas, 46 NY2d 100, 105; People v Licausi, 122 AD3d 771, 772-773; People v Hines, 102 AD3d 889, 889; People v Mestres, 41 AD3d 618; People v Walsh, 35 AD3d 637; People v George, 197 AD2d 588, 589). Moreover, "[c]ross-examination aimed at establishing a motive to fabricate must proceed on some good faith basis" (People v Hicks, 88 AD3d 817, 818-819; see People v Spencer, 87 AD3d at 752; People v Garcia, 47 AD3d at 831; People v Ocampo, 28 AD3d 684, 685; People v Farooq, 304 AD2d 772; People v Sandel, 299 AD2d 373, 374; People v Ashner, 190 AD2d 238, 247). Here, the proposed line of inquiry by defense counsel was too remote and speculative to infer a motive to fabricate (see People v Garcia, 47 AD3d at 830; People v Mestres, 41 AD3d 618; People v Walsh, 35 AD3d 637). Therefore, we agree with the court's determination to limit the scope of defense counsel's cross-examination and to preclude the elicitation of testimony by the defendant under that line of inquiry.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that he was unlawfully arrested without a warrant is without merit (see Payton v New York, 445 US 573).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court improvidently exercised its discretion in curtailing defense counsel's cross-examination of the police witness during the suppression hearing is also without merit (see People v Spirles, 136 AD3d 1315, 1317; People v Daise, 220 AD2d 524).
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court