People v Soto (2019 NY Slip Op 08227)





People v Soto


2019 NY Slip Op 08227


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-10615
 (Ind. No. 6083/14)

[*1]The People of the State of New York, respondent,
v
Jose Soto, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shawndya L. Simpson, J.), rendered September 21, 2016, as amended October 24, 2016, convicting him of burglary in the second degree, burglary in the third degree, criminal trespass in the second degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
The defendant was charged, inter alia, with burglary in the second degree in connection with an incident that occurred in July 2014. At the trial, a witness testified that he saw two men enter an apartment by climbing down a fire escape and prying open a window. After the witness called 911, he saw the men leave the apartment through the window, carrying a bag, and climb up the fire escape to the roof. When the men noticed the responding police officers, they crossed over several adjacent rooftops and went into another building. A police officer testified that he apprehended the defendant and another man, who matched the description of the perpetrators provided by the 911 caller, inside a store located in that building. The defendant was convicted, inter alia, of burglary in the second degree.
Contrary to the defendant's contention, the record does not show that the Supreme Court ordered or instructed the People to refrain from investigating the existence of certain purported Brady material (see Brady v Maryland, 373 US 83). The People have a duty to disclose to the defense evidence in its possession that is favorable to the accused (see id.; People v Steadman, 82 NY2d 1, 7). The disclosure of evidence affecting credibility falls within this general rule (see Giglio v United States, 405 US 150, 154; People v Steadman, 82 NY2d at 7; People v Novoa, 70 NY2d 490, 496). To establish a Brady violation, a defendant must show that the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature, the evidence was suppressed by the prosecution, and prejudice arose because the suppressed evidence was material (see People v Fuentes, 12 NY3d 259, 263; see also People v Garrett, 23 NY3d 878, 885).
Here, the defendant does not argue that the People failed to honor their obligations to disclose Brady material. Rather, he argues that the Supreme Court improperly ordered or instructed the People to refrain from investigating whether such material existed. The defendant's contention is not borne out by the record, which shows that after counsel and the court discussed such an investigation, the prosecutor in fact conducted the required investigation (see generally [*2]People v Williams, 286 AD2d 918, 919; People v Tellier, 272 AD2d 347, 348).
The Supreme Court did not improvidently exercise its discretion with respect to the cross-examination of the defendant's alleged accomplice. "The nature and extent of cross-examination is subject to the sound discretion of the Trial Judge" (People v Schwartzman, 24 NY2d 241, 244; see People v Moore, 164 AD3d 1370, 1371-1372; People v Kinard, 215 AD2d 591). " While extrinsic proof tending to establish a motive to fabricate is never collateral and may not be excluded on that ground, when the evidence is too remote or speculative of a motive to fabricate, the trial court may, in its discretion, exclude such proof'" (People v Spencer, 87 AD3d 751, 752, affd 20 NY3d 954, quoting People v Garcia, 47 AD3d 830, 831; see People v Thomas, 46 NY2d 100, 105; People v Licausi, 122 AD3d 771, 772-773; People v Hines, 102 AD3d 889, 889). Moreover, "[c]ross-examination aimed at establishing a motive to fabricate must proceed on some good faith basis" (People v Hicks, 88 AD3d 817, 818-819; see People v Spencer, 87 AD3d at 752; People v Garcia, 47 AD3d at 831; People v Ocampo, 28 AD3d 684, 685; People v Farooq, 304 AD2d 772). Here, the proposed cross-examination questions were "too remote and speculative to infer a motive to fabricate" (People v Garcia, 47 AD3d at 831; see People v Hicks, 88 AD3d at 818-819).
The record does not show that the defendant was denied the right to counsel at a critical stage of the proceedings (see generally People v Harris, 79 NY2d 909, 910; People v Villegas, 146 AD2d 228, 232; cf. People v Armstead, 35 AD3d 624, 626). To the extent that the defendant contends that he was denied the effective assistance of counsel with respect to his decision not to testify at trial, that contention is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court