21-1703
*Spencer v. Capra*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-two.

Present:
>   DEBRA ANN LIVINGSTON,
>           *Chief Judge*,
>   BARRINGTON D. PARKER,
>   EUNICE C. LEE,
>           *Circuit Judges.*

_____

ANDREW SPENCER,

>           *Petitioner-Appellant*,

>   v.                                                                21-1703

MICHAEL CAPRA,

>           *Respondent-Appellee.*

_____

For Petitioner-Appellant:          RICHARD W. LEVITT (Levitt & Kaizer), New York, NY.

For Respondent-Appellee:          SHARON BRODT, Assistant District Attorney (District Attorney, Queens County), Kew Gardens, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

\*     \*     \*

Petitioner-Appellant Andrew Spencer ("Spencer") appeals from the July 1, 2021 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) denying his petition for habeas corpus relief under 28 U.S.C. § 2254.   *See Spencer v. Capra*, 17-CV-2179, 2021 WL 2685226, at \*1 (E.D.N.Y. June 30, 2021).   In his petition, Spencer claims, *inter alia*, that he received ineffective assistance of counsel at his 2007 trial in the Supreme Court of the State of New York, Queens County, where he was convicted by jury of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the third degree, and menacing in the second degree, and was sentenced to 15 years' imprisonment on the second degree criminal possession conviction, to run concurrently with lesser sentences for the other convictions.

At trial, the prosecution contended that Spencer confronted a group of individuals and threatened them with a firearm, and was only stopped when off-duty police officer Malcolm Palmer ("Officer Palmer") drew his own weapon and forced Spencer to surrender.   Spencer, conversely, testified that he was never in possession of a firearm and was framed by Officer Palmer to protect his friend "Kendel," who Spencer had originally confronted and who Officer Palmer knew to be a drug dealer.   Spencer argues that his trial counsel was unconstitutionally deficient because she failed to pursue certain witnesses that would have testified at trial in support of his theory of the case.   The district court denied Spencer's habeas petition, ruling that Spencer did not meet the high bar to show ineffective assistance of counsel under the standard outlined by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

2

For the reasons stated herein, we affirm the district court's judgment denying Spencer's petition for habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Procedural Bar to Federal Review[1]

As a preliminary matter, Respondent-Appellee Michael Capra ("the State") argues that the district court was procedurally barred from considering Spencer's petition because a New York state court dismissed Spencer's ineffective assistance claim on an independent state-law ground. We disagree.

Generally, we do "not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)); *see also Whitley v. Ercole*, 642 F.3d 278, 285 (2d Cir. 2011) ("[P]rinciples of comity and federalism compel us to defer to that state law ground and thus to decline to review the federal claim." (internal quotation marks and citations omitted)). However, a "state law ground is only adequate to support [a] judgment and foreclose review of a federal claim if it is 'firmly established and regularly followed' in the state." *Garvey v. Duncan*, 485 F.3d 709, 713 (2d Cir. 2007) (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)). Additionally, "in certain limited circumstances, even firmly established and regularly followed state rules will not foreclose review of a federal claim if the application of the rule in a particular case is 'exorbitant.'" *Id.* at 713–14 (quoting *Lee*, 534 U.S. at 376). An

---

[1] We review the district court's denial of a petition for habeas corpus *de novo*, and its underlying findings of fact for clear error. *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017).

application of a rule may be "exorbitant" where the procedural rule was applied in a manner that does not comply with state law.   *See Fulton v. Graham*, 802 F.3d 257, 262–63 (2d Cir. 2015).

In his initial post-trial state-court appeal, Spencer claimed that he was improperly prohibited from presenting a defense when the trial court precluded him from testifying "as to his personal observations of [Officer Palmer] drag racing cars with [Kendel], and [Kendel] dealing drugs in front of [Officer Palmer]'s home."   *People v. Spencer*, 87 A.D.3d 751, 752 (2d Dep't 2011), *aff'd*, 20 N.Y.3d 954 (2012).   Spencer did not make an ineffective assistance of counsel claim.   Both the New York Appellate Division and New York Court of Appeals agreed with Spencer that, "[c]ontrary to the trial court's conclusion, this proof should not have been excluded on the basis that it was collateral, as such exclusion goes directly to the defendant's constitutional right to present a defense."   *Spencer*, 87 A.D.3d at 752; *see Spencer*, 20 N.Y.3d at 956 (same). However, both state appellate courts nevertheless concluded that Spencer's claim failed because the error was "harmless beyond a reasonable doubt" given the "overwhelming independent proof adduced at trial, including the testimony of several other eyewitnesses who corroborated [Officer Palmer and the prosecution]'s version of the events and the 911 calls admitted into evidence . . . ." *Spencer*, 20 N.Y.3d at 956–57; *see Spencer*, 87 A.D.3d at 752 ("[T]here is no reasonable possibility that the error might have contributed to the defendant's conviction.").

Later, in 2016, Spencer filed a *pro se* motion to vacate the trial court's judgment of conviction pursuant to New York Criminal Procedure Law § 440.10.   Among other things, under Section 440.10, a New York court "may, upon motion of the defendant, vacate [a] judgment upon the ground that: . . . (h) The judgment was obtained in violation of a right of the defendant under the constitution of [New York] or of the United States . . . ."   N.Y. Crim. Proc. Law § 440.10(1). The New York Supreme Court, Queens County (the "Section 440.10 Court"), denied Spencer's

4

Section 440.10 motion after determining that the Appellate Division and Court of Appeals had already adjudicated and rejected his ineffective assistance claim on his direct appeal immediately after his criminal trial. *See id.* § 440.10(2) ("[T]he court must deny a motion to vacate a judgment when: (a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment . . . .").

The parties agree that New York Criminal Procedure Law § 440.10(2)(a) is firmly established and regularly followed. The parties disagree, though, on whether the Section 440.10 Court exorbitantly applied the law in ruling that the New York appellate courts already adjudicated and denied Spencer's ineffective assistance claim and that his motion to vacate was thus procedurally barred under Section 440.10(2)(a). We agree with the district court that Spencer never raised an ineffective assistance claim in his post-trial appeals and that the Appellate Division and Court of Appeals never rejected this claim on the merits. We thus conclude that the Section 440.10 Court applied New York Criminal Procedure Law § 440.10(2)(a) exorbitantly in dismissing Spencer's motion.

The State counters that the Appellate Division and Court of Appeals indirectly decided Spencer's ineffective assistance claim on the merits when those courts addressed his claim that he was improperly prohibited from testifying about Kendel's alleged drug dealing and the supposed improper relationship between Officer Palmer and Kendel. Spencer's habeas petition here is largely premised on the claim that he was prejudiced by his trial counsel's failure to call certain witnesses at trial who would have provided testimony challenging the State's version of events, including testimony regarding an improper relationship been Officer Palmer and Kendel. According to the State, because the New York appellate courts determined that the exclusion of Spencer's testimony on the supposedly improper relationship between Officer Palmer and Kendel

5

was harmless beyond a reasonable doubt, Spencer cannot show that he was prejudiced by his trial counsel's alleged failure to present essentially the "same evidence" from other witnesses. (Appellee's Br. at 11, 23.)   *See Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (noting prejudice is a necessary component of an ineffective assistance of counsel claim).   For the following reasons, we disagree.

As rightly determined by the district court, "the legal issue for each claim was entirely different—the deprivation of defense claim [on direct appeal] asserted an error by the trial court, while the § 440 motion asserted an ineffective assistance claim against petitioner's trial counsel." *Spencer*, 2021 WL 2685226, at *5.   True, much of Spencer's ineffective assistance claim is premised on the argument that trial counsel was ineffective for not investigating and eliciting testimony from potential witnesses who would have testified at trial that Officer Palmer had a close and improper relationship with Kendel.   But Spencer's post-trial appeal was largely based on the argument that he should have been permitted by the trial court to testify *himself* on Officer Palmer's relationship with Kendel.   *See Spencer*, 20 N.Y.3d at 956.   Spencer "did not purport to offer any evidence beyond his own testimony to support his theory that he was framed by Officer Palmer." *Spencer v. Capra*, 788 F. App'x 21, 24 (2d Cir. 2019) (summary order).   The ineffective assistance claim here, in contrast, is based on the argument that there were numerous *other individuals* who were willing to testify in support of his theory of the case but did not do so because of errors on the part of his trial counsel.   The trial court (as well as the New York appellate courts) were wholly unaware of these potential witnesses and their potential testimony, as they were not on the record at trial.   Given that Spencer makes a different claim supported by new evidence,

6

we conclude that the New York appellate courts did not hold on the merits that, even if his trial counsel was ineffective, Spencer was not prejudiced by said ineffectiveness.

## II.    The Merits

Turning to the merits of Spencer's habeas petition, the district court ruled that Spencer failed to meet his burden of showing ineffective assistance of counsel at his state criminal trial. We agree with the district court that Spencer has not shown ineffective assistance of counsel and that his habeas petition thus must be dismissed.[2]

The Sixth Amendment "guarantees the right to *effective* assistance of counsel." *United States v. Melhuish*, 6 F.4th 380, 393 (2d Cir. 2021) (citation omitted).   To establish that counsel was constitutionally ineffective, a "defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness; and (2) the deficient representation prejudiced the defendant." *United States v. Gahagen*, 44 F.4th 99, 107 (2d Cir. 2022) (citing *Strickland*, 466 U.S. at 687–88).   The burden is on the petitioner to show that both of the ineffective assistance prongs are met.   *See United States v. Cohen*, 427 F.3d 164, 167 (2d Cir. 2005).   The standard to establish ineffective assistance is "'rigorous' and 'presents a high bar' because courts apply

---

[2]  The State argues that the district court erred in reviewing the merits of Spencer's habeas petition *de novo*, as opposed to applying the more deferential standard of review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   Under AEDPA, "when a state court adjudicates a petitioner's habeas claim on the merits, a district court may only grant relief where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law,' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'"   *Waiters*, 857 F.3d at 477 (quoting 28 U.S.C. § 2254(d)).   Because we agree that the result would be the same regardless of whether the district court employed AEDPA's deferential standard of review or the *de novo* standard, we need not reach the issue of which particular standard of review applies here.   *See Monroe v. Kuhlman*, 248 F. App'x 223, 224 (2d Cir. 2007) (summary order) (citing *Cotto v. Herbert*, 331 F.3d 217, 230–31, 252–53 (2d Cir. 2003)).

'a presumption of effective performance.'" *Melhuish*, 6 F.4th at 393 (quoting *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir. 2020)); *see Cohen*, 427 F.3d at 167 ("[A] defendant 'bears a heavy burden' of showing" ineffective assistance (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004))).

Under the performance prong, a "defense counsel's performance is unreasonable when it is so deficient that it falls outside the 'wide range of professionally competent assistance.'" *Kovacs v. United States*, 744 F.3d 44, 50 (2d Cir. 2014) (quoting *Strickland*, 466 U.S. at 690). But any "[a]ctions or omissions by counsel that 'might be considered sound trial strategy' do not constitute ineffective assistance." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (quoting *Strickland*, 466 U.S. at 689). Generally, the "decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *United States v. Smith*, 198 F.3d 377, 386 (2d Cir. 1999) (quoting *United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992)). This is because, typically, *Strickland* "does not require defense counsel to call any particular witness." *Nolan*, 956 F.3d at 82; *see Best*, 219 F.3d at 201 ("Nor do we see anything unreasonable in counsel's decision not to call the potential witnesses."); *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) (counsel's decision as to "whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation"); *see also Gaskin*, 364 F.3d at 468 ("[A] reviewing court must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound legal strategy.'" (alteration marks omitted) (quoting *Strickland*, 466

8

U.S. at 689)); *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (there is a "strong presumption" of reasonable representation).

Spencer argues that his trial counsel was ineffective because she failed to investigate potential witnesses that would have testified in support of his theory of the case. He includes with his petition several affidavits from individuals who purport either to have seen his confrontation with Officer Palmer or to have personal knowledge of Officer Palmer's supposedly improper relationship with Kendel, and who were each willing to testify at Spencer's trial. Under *Strickland*, a petitioner may show constitutionally deficient performance by counsel by evidencing that counsel's litigation choices "resulted from an entirely absent investigation." *Greiner v. Wells*, 417 F.3d 305, 325 (2d Cir. 2005) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986)). This is because trial counsel's "duty to investigate" is "essential to the adversarial testing process," as "'th[e] testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies.'" *Id.* at 320 (quoting *Kimmelman*, 477 U.S. at 384); *but see id.* at 321 (this duty "does not, however, compel defense counsel to investigate comprehensively every lead or possible defense, or to scour the globe on the off-chance something will turn up" (internal quotation marks and citations omitted)).

Here, Spencer has not met his heavy burden of showing that his trial counsel was objectively unreasonable for not discovering these potential witnesses or calling them to testify at trial. At the district court's evidentiary hearing in 2020, Spencer's trial counsel could not recall whether she hired an investigator to find potential witnesses or whether she had ever spoken to most of the potential witnesses identified in the affidavits. But of the five potential witnesses that did not testify at Spencer's trial, only one stated in her affidavit that she actually reached out to

Spencer's lawyer with the information she had. That witness did not actually see the altercation between Spencer and Officer Palmer, but rather stated in her affidavit that she had seen Officer Palmer and Kendel together on multiple occasions, including at least once instance in which Kendel sold drugs with Officer Palmer standing nearby. According to their respective affidavits, the other potential witnesses either do not purport to have related their observations to anyone or solely reported them to Spencer's mother, who did not give any indication within her own affidavit that she relayed the information to Spencer's trial counsel. And while Spencer submitted an affidavit attesting to having informed his counsel of two of these potential witnesses, the only relevant information he purports to have relayed is that these witnesses observed Kendel sell drugs in the vicinity of Officer Palmer's home. Accordingly, Spencer has not met his burden of showing that these potential witnesses were either not discovered or not called to testify at trial because of some objectively unreasonable performance by his trial counsel, as opposed to various other reasonable explanations such as counsel's trial tactics or the inability to find these individuals before the trial even with a reasonable amount of investigating.[3] *See Gaskin*, 364 F.3d at 468.

Spencer also argues that it was unreasonable for his trial counsel to fail to question his mother regarding Officer Palmer's relationship with Kendel when she testified at his trial. But once again, Spencer has not met his heavy burden of rebutting the strong presumption that his trial counsel acted reasonably. Spencer's mother did not see the altercation between Officer Palmer

---

[3] Spencer's emphasis on the fact that his trial counsel could not recall whether she hired an investigator or interviewed the potential witnesses does not rebut the strong presumption of reasonable performance. Spencer's trial attorney testified before the district court at an evidentiary hearing for Spencer's habeas petition roughly 13 years after his state criminal trial. His attorney cannot be faulted for not remembering details of the case after such a significant period of elapsed time. While "[t]ime inevitably fogs the memory of busy attorneys," that "inevitability does not reverse the *Strickland* presumption of effective performance." *Greiner*, 417 F.3d at 326; *see Waiters*, 857 F.3d at 477 ("[T]he fact that [an attorney] no longer remembers [her] reason for [a] decision does not preclude a determination that [petitioner] failed to establish constitutionally defective representation.").

and Spencer. And there is no indication that she had firsthand knowledge about Officer Palmer's supposed relationship with Kendel. Moreover, the trial court repeatedly excluded evidence about the purportedly corrupt relationship between Officer Palmer and Kendel. Thus, trial counsel's decision to not elicit testimony from Spencer's mother after being prevented from eliciting related testimony by the trial court does not evidence objectively unreasonable performance.

We conclude that Spencer has failed to show that his trial counsel was objectively unreasonable. His ineffective assistance of counsel claim thus fails.[4]

\* \* \*

We have considered Petitioner-Appellant Spencer's remaining arguments and find them to be without merit. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Having concluded that Spencer failed to meet his burden of showing that his trial counsel's performance was objectively unreasonable, we need not address whether Spencer suffered prejudice. *See Strickland*, 466 U.S. at 697.

11